JEPTHA H. WADE, JR., GEORGE G. WADE, AND EDWARD G. GREENE, EXECUTORS UNDER THE WILL OF JEPTHA H. WADE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43164. Promulgated November 13, 1930.

*Harold T. Clark, Esq.*, and *John B. Dempsey, Esq.*, for the petitioners.

*Hartford Allen, Esq.*, for the respondent.

342

OPINION.

SMITH: The only question for our determination in this proceeding is whether certain payments made by the executors of the decedent's will on account of pledges made by the decedent during his lifetime, including interest thereon, are deductible from the value of the gross estate. The payments in controversy are as follows:

The Cleveland Museum of Art_____ $400,000.00
The Cleveland Museum of Art (interest) _____ 10,334.34
The Cleveland Museum of Art (improvement of Wade Park) _____ 11,500.00
The Cleveland Museum of Natural History_____ 20,000.00
The Cleveland College of Western Reserve University_____ ·820.00

The respondent admits that all of the obligations of the decedent to the above named institutions constituted "valid and enforceable claims against the estate," but contends, nevertheless, that they are not deductible from the value of the gross estate in the determination of the net estate. The petitioners contend that the payments are legal deductions from the value of the gross estate for two separate and distinct but equally valid reasons:

(a) Because under section 303 (a) (1) of the Revenue Act of 1926 they constituted *claims* incurred or contracted *bona fide* in money or money's worth.

(b) Because under section 303 (a) (3) they constituted *transfers* to or for the use of corporations organized and operated exclusively for charitable, scientific or educational purposes, including the encouragement of art.

Section 303 of the Revenue Act of 1926 provides in part:

For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to property (except, in the case of a resident decedent, where such property is not situated in the United States), to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth * * *

\* \* \* \* \* \* \*

(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, * * * The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate.

The respondent claims that the payments are not deductible from the gross estate under section 303 (a) (1) for the reason that the decedent, as shown by the stipulation of fact—

* * * received no consideraion in money or its equivalent, nor did the executors of his will, or his estate, receive any money or its equivalent referred to, nor do the said executors of the estate of the said Jeptha H. Wade have any right of action or claim for money against the said institutions by virtue of the payments to such institutions * * *.

Article 36 of the Commissioner's Regulations 70 (1929 edition), reads as follows:

*Claims against the estate.*—The amounts that may be deducted under this heading are such only as represent personal obligations of the decedent existing at the time of his death, whether then matured or not, but only to the

extent that the liability therefor was incurred or contracted bona fide and for a fair consideration in money or money's worth. Only claims enforceable against the estate may be deducted. A pledge or a subscription evidenced by a promissory note or otherwise, even though enforceable against the estate, is deductible only to the extent such pledge or subscription was made for an adequate and full consideration in cash or its equivalent received therefor by the decedent.

The respondent further contends that the amounts are not deductible under subdivision (3) of section 303 (a) because they do not represent transfers made by the decedent during his lifetime. This latter contention is in accordance with the interpretation of the statute contained in article 44 of Regulations 70.

The petitioners, in support of their contention that the payments in question are deductible from the gross estate under section 303 (a) (1), challenge the validity of the requirement of the last sentence of article 36 of Regulations 70 to the effect that the consideration must be *received by the decedent.* They contend that the Act does not so provide; that there is not a word in the Act to require a departure from the well established legal principle—

\* \* \* that a claim may equally well arise under a contract where the consideration was detriment to the promisee as in the somewhat more usual case where the consideration was benefit to the promisor.

An inspection of the provisions of the Revenue Acts of 1916, 1918, and 1921 imposing an estate tax shows that they all allow the deduction from gross estate of claims against the estate, unpaid mortgages upon, or any indebtedness in respect of property, with certain exceptions not here material. The Revenue Act of 1924 is a departure from the earlier acts in that it placed a limitation upon the deductions which might be made with respect to claims against the estate, unpaid mortgages upon, or any indebtedness in respect of property owned by the decedent and provided that "such claims, mortgages or indebtedness" were deductible from the gross estate only where "incurred or contracted *bona fide* for a fair consideration in money or money's worth." The phrase "fair consideration in money or money's worth," used in section 303 (a) (1) of the Revenue Act of 1924, was prompted by the same phrase used in section 402 (c) of the Revenue Act of 1921. This is made clear by the report of the Ways and Means Committee, which drafted the provision contained in section 303 (a) (1). That report stated:

\* \* \* Section 402 (c) of the existing law [Revenue Act of 1921] contains a limitation similar [to the clause "incurred or contracted for a fair consideration "] in character in the case of transfers and trusts, whereby property interests transferred by the decedent in contemplation of or intended to take effect at or after his death are included in his gross estate unless such interests were transferred by a bona fide sale for a fair consideration. On principle the same limitation should be applied here, and the proposed amendment is designed to effect this result.

An inspection of subdivisions (c), (d), and (e) of section 302 of the Revenue Act of 1924 shows that they all contain the identical phrase "bona fide sale for a fair consideration in money or money's worth."

Section 303 (a) (1) of the Revenue Act of 1926 is identical with the same section of the Revenue Act of 1924, except that the phrase " a fair " consideration has been changed to read " an adequate and full " consideration. The phrase " a bona fide sale for an adequate and full consideration in money or money's worth " is found in subdivisions (c), (d), and (e) of the Revenue Act of 1926, and subdivision (i) of section 302 provides:

> If any one of the transfers, trusts, interests, rights, or powers, enumerated and described in subdivisions (c), (d), and (f) of this section * * * for a consideration in money or money's worth, but is not a bona fide sale for an adequate and full consideration in money or money's worth, there shall be included in the gross estate only the excess of the fair market value at the time of death of the property otherwise to be included on account of such transaction, over the value of the consideration *received therefor by the decedent.* (Italics ours.)

In General Counsel Memorandum 4784 (C. B. VIII–2, p. 385), the validity of the last clause in article 36 of Regulations 70, above quoted, that the consideration must be received by the decedent, is defended upon the basis of the specific language of subdivision (i) of section 302. It is stated:

> In view of this situation, it is held that deduction is authorized by section 303 (a) 1 of the Revenue Act of 1926 on account of claims against the estate and unpaid mortgages upon, or any indebtedness in respect to, property only to the extent that such claims, mortgages, or indebtedness were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth *received therefor by the decedent.*

From a careful consideration of the provisions of section 303 (a) (1) of the Revenue Act of 1926, and of the legislative history of the section, we are of the opinion that it is not necessary that the consideration for the claim against the estate or mortgage upon or indebtedness in respect of property referred to in the section should have been received by the decedent. The law does not require that the consideration should be received by the decedent. The statute requires (1) that the indebtedness should be incurred or contracted bona fide; (2) that there shall be an adequate and full consideration; and (3) that the consideration shall be in money or money's worth.

In the proceeding at bar no question is raised as to the *bona fide* character of the transactions by which the pledges were made and indebtedness incurred by the decedent and the payments were made by the executors. The consideration for the pledges was the payment by others of large amounts of money to the same institutions. The consideration for each pledge was, in our judgment, adequate and

full and in money or money's worth. Cf. *Ferguson* v. *Dickson*, 300 Fed. 961 (1924).

Inasmuch as we are of the opinion that the amounts in issue in this case are deductible from the gross estate under the provisions of subdivision (1) of section 303 (a) of the Revenue Act of 1926, it is unnecessary to discuss the contentions of the petitioner with respect to their right to deduct the amounts under section 303 (a) (3) of the taxing act.

Pursuant to the stipulation filed, deductions for attorney fees and expenses will be allowed in accordance with the amounts set forth in the last paragraph of our findings.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MARQUETTE dissents.