Marshall, C. J.
 

 The demurrer admits all the well-pleaded allegations of the petition. It sufficiently appears therefore that the United Banking & Trust Company has become the sole creditor of the Ohio Trust Company. By virtue of the constitutional provision, any creditor of a corporation authorized to receive money on deposit has a valid claim against any stockholder of such corporation to the extent of the amount of the stock of such stockholder. It has been held by this court in
 
 Lang
 
 v.
 
 Osborn Bank,
 
 100 Ohio St., 51, 125 N. E., 105, and
 
 Allen
 
 v.
 
 Scott, Supt. of Banks,
 
 104 Ohio St., 436, 135 N. E., 683, that this constitutional provision is self-executing and does not require the aid of legislation to make it enforceable. True, it is perfectly competent for the Legislature to provide the machinery for such enforcement, and such machinery has in fact been provided. This legislation is found in Sections 710-1 to 710-189 of the General Code, commonly referred to as the Banking Code.
 

 The issue of law in the instant case is that it is asserted by the stockholder that the provisions of
 
 *378
 
 Sections 710-75 and 710-95, General Code, giving to the superintendent of banks the right to enforce the individual liability of stockholders, are exclusive; while on the other hand it is asserted by the creditor that the superintendent of banks is, by virtue of those sections, only made an additional party, with authority to enforce such individual liability.
 

 Except for statutory provision, no one except a creditor could maintain the suit, because of not being a party in interest. The requirement that a suit must be maintained by a party in interest is legislative, and it is therefore competent for the Legislature to create exceptions to that provision of the Civil Code. We need not inquire at this time whether it would be competent for the Legislature to exclude individual creditors from maintaining such an action and to repose that function entirely in the superintendent of banks. It is sufficient to say, in the present state of legislation, that the right of the superintendent of banks has not been made absolutely, and in terms, exclusive.
 

 Section 75 of the Banking Code (Section 710-75, General Code) contains the following provision: “At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders.”
 

 Section 95 of the Banking Code (Section 710-95, General Code) provides: “Upon taking possession of the property and business of such bank, the superintendent of banks * * * may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders.”
 

 
 *379
 
 It will be seen that this right only accrues to him after taking possession of the bank, its property and business, for purposes of liquidation.
 

 By the provisions of Section 710-89, it is provided that the superintendent of banks may forthwith take possession of the business and property of any bank to which this act is applicable, whenever it shall appear that such bank has been guilty of the violation of any one of the nine requirements imposed by that section. Those requirements for the most part relate to sound banking practices, and the remainder of them relate to the condition of insolvency.
 

 It is contended by the stockholder that the word “may” should be interpreted as “must,” and that the duty of the superintendent of banks is in all three sections mandatory. An examination of the several paragraphs of Section 710-89 will convince that the superintendent of banks should not in each and every instance of violation of those conditions forthwith take possession of the business and property of the bank. For instance, paragraph 7 provides : “Has neglected or refused to comply with the terms of a duly issued order of the superintendent of banks.” Surely it will not be contended that for every slight neglect or refusal the business of the bank should be closed and liquidated. It must therefore be held that the provision authorizing the superintendent of banks to take possession for purposes of liquidation is permissive and not mandatory.
 

 The provisions of the Banking Code are procedural, not substantive, in nature. They create no
 
 *380
 
 rights in favor of either the corporation, its stockholders, or creditors. It is the purpose of that Code to merely regulate. Every bank, however strong, must submit to inspection, and must conform to the requirements of sound banking required by the Code; but, on the other hand, any solvent bank, however weak, which submits to the requirements of the Code, is beyond the reach of the superintendent of banks.
 

 The functions of the superintendent are designed to safeguard depositors and other creditors. Such persons are usually numerous, and their individual claims are generally small in amount. The right to impose such regulations arises out of the
 
 quasi
 
 public character of banking business, and to inspire confidence in the individual depositors in banking institutions.
 

 In the instant case, there is nothing which calls for action on the part of the superintendent. The Ohio Trust Company had ceased to do business more than three years before this suit was brought. It may be assumed that its depositors and other creditors have long since either been paid in full or have accepted new obligations of the Lake Erie Trust Company, or its successor, the United Banking & Trust Company. Manifestly, there is no demand for further regulation. The transaction whereby the Lake Erie Trust Company acquired the assets and assumed the liabilities of the Ohio Trust Company was at the time approved by the superintendent of banks. It may be presumed that that approval was given only after he was satisfied that the rights of the depositors and other creditors of the Ohio Trust Company had been fully pro
 
 *381
 
 tected. Subsequent events have justified that approval. More than five years have elapsed since that agreement was made. If any depositors or other creditors have not been paid, they have not intervened in this action. By the approval of November 8, 1926, the regulation of the Ohio Trust Company fully terminated. On the theory that it is one of the functions of the superintendent to protect creditors, and see to their ultimate payment, that function was discharged when he made inquiry into the original purchase and sale and approved it. The present obligation of the Ohio Trust Company to the United'Banking & Trust Company was not then in existence. It came into being by the payment of the obligations of the Ohio Trust Company by virtue of that clause of the agreement which required reimbursement of any deficit remaining after application of the assets so transferred.
 

 In November, 1929, when this suit was instituted against the stockholders, there were no assets or property upon which the administration of the superintendent of banks could operate. His possession for purposes of liquidation being a condition precedent to his maintaining a suit against the stockholders, the con elusion is inevitable that the superintendent of banks is not even a proper party to maintain this action.
 

 It follows that the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Jones, Day, Alien, Kinkade and Robinson, JJ., concur.