SOLOMON BERINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68868.   Promulgated October 31, 1933.

*Bernard D. Hathcock, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner made the following determinations in respect of the liability of petitioning taxpayer:

| | | |
|---|---|---:|
| 1926 | Deficiency | $2, 154. 05 |
| | Penalty of 25 percent for failure to file a return | 538. 51 |
| | Penalty of 50 percent for fraud | 1, 077. 03 |
| 1927 | Deficiency | 1, 909. 54 |
| | Penalty of 25 percent for failure to file a return | 477. 39 |
| | Penalty of 50 percent for fraud | 954. 77 |
| 1928 | Deficiency | 1, 565. 76 |
| | Penalty of 50 percent for fraud | 782. 88 |

Notice thereof was duly mailed to the petitioner on October 18, 1932, and the petitioner filed his petition with the Board on December 17, 1932. In the petition errors are assigned in respect of several items involved in the computation of the deficiency and also in the determination of the fraud penalty. The respondent, on February 7, 1933, filed an answer denying the allegations of the petition and affirmatively alleging fraudulent acts. No reply was filed by the petitioner, as required by Rule 15, and the respondent now moves

for judgment on the pleadings in the full amount of the deficiencies and penalties. This motion, after proper service, has come on for hearing. The proceeding has not yet reached its place on the trial calendar, and no notice of trial has yet been given.

The motion for judgment in the full amount must be denied. While Rule 19, cited by respondent, provides that the material allegations of his answer are admitted in the absence of a required reply, it also provides that they are denied if no reply is required. By Rule 15 it is only as to affirmative relief and matters upon which the burden is by statute placed upon the respondent that the petitioner must reply. If the answer merely reiterates affirmatively matters already covered by his notice of deficiency and assailed by the petition, there is no requirement that the petitioner shall as to those matters file a reply, and his failure to do so is not prejudicial. Thus in this case the items which go to make up the deficiency, as distinguished from the penalty, are still in contest in so far as they are properly pleaded in the petition, even though the facts constituting fraud are under the rule to be taken as admitted because of the failure of a reply.

The case is manifestly different from *F. O. Statler*, 27 B.T.A. 342, upon which respondent relies, for in that case the petitioner did not contest the deficiency, but attacked only the fraud penalty. Thus by his failure to file a reply he was in the position of admitting both the deficiency and the penalty and leaving nothing for contest. Judgment for the full amount was therefore in order. Here, however, for all that appears, the petitioner, when the proceeding comes on for trial, may by his proof succeed in diminishing the deficiency and thus proportionately reducing the amount of the penalties.

*The respondent's motion for judgment will therefore be denied.*