Stephenson, J.
 

 The question here presented is clear cut. Do the laws of Ohio require the Superintendent of Banks to present a claim for super-added (sometimes called “double”) liability to an administrator or executor of a decedent’s estate for allowance or rejection?
 

 If the law requires the presentation of such claim, the demurrer should be overruled and judgment should be rendered for the administratrix, as the statute of limitations that follows on the heels of the statute providing for such presentation effectually non-suits the Superintendent of Banks.
 

 If the law does not require the Superintendent of Banks to present such claim to the administrator or executor for allowance, if any statute of limitations applies, the general statutes of limitation apply, the Superintendent of Banks filed his action in time, and the demurrer should be sustained.
 

 If the law of Ohio does not require the presentation of such claim for allowance or rejection, the fact that it was presented does not start running the particular statute requiring action to be brought within two months after rejection, as the presentation of the claim by the Superintendent of Banks was a mere superfluity.
 

 Whatever else may be said, this is a claim against an • estate and in fairness to the estate it should be presented for allowance or rejection unless such claim is beyond the pale of the statute requiring such presentation. We seek to make it clear that the presentation of a claim to the personal representative is not an essential condition precedent to the filing and prosecution of an action against such personal representative.
 

 In determining this question we must consider the character of the legislation, the nature of the claim,
 
 *231
 
 the instrumentality provided for its collection, the purpose to which the proceeds must be applied when collected, and, last but not least important, who gets the benefit of the proceeds.
 

 Time and space forbid the tracing of the banking industry down through the centuries. Suffice it to say that the right of a private citizen to engage in banking business is a common right belonging to all citizens, but the right of a corporation to engage therein is by grant from the sovereign power of the state. 3 Ruling Case Law, 378, Section 4 .
 

 Banks today are indispensable agencies through which the industry, trade and commerce of all civilized countries and communities are carried on. The business which they transact, though for private profit, is of a preeminently public nature and is therefore universally recognized as a proper subject of legislative regulation under the police power of the state. 3 Ruling Case Law, 379, Section 5.
 

 The early experience of the people of Ohio with their banks was unsatisfactory, and Section 3 of Article XIII of the Constitution of 1851 provided for super-added liability of stockholders of all corporations, and ever since that time at intervals we have had the super-added liability in one form or another.
 

 We have three kinds of legislation. The people by means of the initiative and through the medium of their Constitution, legislate directly, and, in a measure, legislate indirectly through their representatives to the General Assembly.
 

 The sovereign power under republican form of government is lodged with the body of its enfranchised citizens. Consequently, when the people of Ohio act through the medium of constitutional amendment it is an act of sovereignty. Such an act may be in the exercise of police power, or it may not; and it matters not.
 

 It is admitted that The Farmers State Bank of Port
 
 *232
 
 Washington, Ohio, was an Ohio corporation, authorized by law to receive money on deposit. Section 3, Article XIII of the Constitution of Ohio, provides as follows:
 

 “Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid.stock owned by him or her,except that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not for one another, for all contracts, debts, and engagements of such corporations, to the extent of. the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. No corporation not organized under the laws of this state, or of the United States, or person, partnership or association shall use the word ‘bank,’ ‘banker’ or ‘banking,’ or words of similar meaning in any foreign language, as a designation or name under which business may be conducted in this state unless such corporation, person, partnership or association shall submit to inspection, examination and regulation as may hereafter be provided by the laws of this state.”
 

 This section of the Constitution is self-executing in so far as it fixes the responsibility of stockholders of a corporation authorized by the laws of Ohio to receive money on deposit.
 
 Vance, Exr.,
 
 v.
 
 Warner et al., Recrs.,
 
 129 Ohio St., 357, 195 N. E., 704.
 

 Regardless of the self-executing nature of Section 3 of Article XIII of the Constitution, the General Assembly enacted Section 710-75, General Code, as follows:
 

 “Stockholders of banks shall be held individually responsible, equally and ratably, and not for one another, for all contracts, debts and engagements of such bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the
 
 *233
 
 amount invested in such shares. The stockholders in any bank who shall have transferred their shares or registered the transfer thereof within sixty days next before the failure of such bank to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way recourse'which such stockholders might otherwise have against those in whose names such shares are registered at the time of such failure. In determining the said‘period of sixty days, the period or periods when any bank is in the possession of the superintendent of banks or is operating under any restriction upon the withdrawal of deposits or the payment of liabilities shall be excluded. At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders.”
 

 Section 710-95, General Code, defines the power and duties of the Superintendent of Banks after having taken possession of the business and property of the bank, and under paragraph 9 of the section he is specifically authorized to enforce the super-added liability of stockholders.
 

 After the enforcement of the super-added liability, the amount so realized is in fact an augmentation of assets and is used to liquidate the bank’s obligations.
 

 Sections 10509-112, 10509-113 and 10509-133, General Code, provide, respectively, that claims against estates must be presented to the administrator or executor of a decedent’s estate within four months after the date of appointment; that if the administrator or executor refuses to indorse his allowance of it as a valid claim against the estate it is
 
 ipso facto
 
 re
 
 *234
 
 jected, and that if suit is not brought on such claim within two months thereafter the claim is forever barred.
 

 The super-added liability in this case is not a penalty. So far as the record discloses, no one has committed any wrong for which he should be penalized. We find authority for saying that the super-added liability is contractual in its nature.
 
 Kulp
 
 v.
 
 Fleming,
 
 65 Ohio St., 321, 62 N. E., 334. While the opinion in the
 
 Kulp case
 
 was rendered by this court, it involved the construction of the statutes of the state of Kansas, providing for super-added liability. The court did hold that such liability was contractual.
 

 We have to travel far in order to inject the element of contract into the super-added liability; but this court went just that far in the case of
 
 Kulp
 
 v.
 
 Fleming, supra.
 

 The super-added liability is created by constitutional mandate'. In other words, is a liability created by operation of law. When a person becomes a stockholder in a corporation authorized to receive money on deposit, in Ohio, the super-added liability attaches to him, regardless of what he agrees to do or not to do. The fact that such liability is created by constitutional provision in no wise affects its character. ■ It remains a liability created by operation of law, and is a primary and not secondary liability.
 

 Accept it as the law of this case that the super-added liability is contractual in its nature; while it strengthens the contention that it should be presented to the personal representative of the decedent, as it was decedent’s contract, made during his lifetime, it is in no wise dispositive of the case.
 

 It is insisted that there is no requirement of law that this claim should be presented to the administratrix. Two reasons are advanced. First, that Conrad S. Bremer’s estate is liable for the super-added liability without presentation, as it did not arise until after
 
 *235
 
 Bremer’s death, the Superintendent of Banks not having made the assessment until after his death. From this fact it is argued that the super-added liability not being a demand against decedent in his lifetime, it was not a claim against his estate and presentation was not required. The second ground urged' is that the state of Ohio is acting in its sovereign capacity in this matter and is not affected by the bar set up in Section 10509-133, General Code.
 

 In support of his contention that this claim is not such a claim as requires presentation plaintiff in error cites 24 Corpus Juris, 330, Section 952. This citation deals with the subject of non-claim generally; it comes back to the proposition that the statutory law of the particular state governs. The last clause of that section reads as follows:
 

 “Where claimant has an election to look to the representative personally or to the estate, he must present the claim if he wishes to assert it against the estate.”
 

 A number of authorities from other states are cited, but not specifically quoted, to support this contention.
 

 Let us apply some of the rules of common sense in determining whether the super-added liability is. a claim against the estate of Conrad S. Bremer, deceased.
 

 If Conrad S. Bremer’s administratrix does not pay the money to the Superintendent of Banks, where is he going to get it?
 

 If, as held by this court in
 
 Kulp
 
 v.
 
 Fleming, supra,
 
 Conrad S. Bremer became liable under the super-added liability when he became a stockholder in the bank in question as a matter of contract, he was at all times during his life thereafter liable for the payment of an obligation not yet due and which did not become due until after his death.
 

 In what respect is the claim different from a promis
 
 *236
 
 sory note that does not fall dne until after the death of the maker?
 

 The Superintendent of Banks found the bank to be insolvent August 8, 1932, and the administratrix was not sued until April 8, 1933. The claim was in fact filed by the Superintendent of Banks with the administratrix on November 1, 1932, and on January 20, 1933, it was rejected by her. We have examined the cases passed upon by lower courts under former statutes creating super-added liability, but we do not regard them as being in point here as those statutes provided for secondary liability.
 

 Just as soon as the Superintendent of Banks ascertains that a bank is insolvent, he may forthwith maintain an action against all stockholders for the super-added liability. There was nothing to prevent the Superintendent of Banks from suing all stockholders of the bank in question on August 8, 1932. There is no law of Ohio making it mandatory upon a claimant against a decedent’s estate to present his claim for allowance before entering suit. The purpose of the new Probate Code was to speed up settlement of estates, and no monkey-wrenches should be thrown into the gear unless and until substantial rights are denied.
 

 It was proper for the Superintendent of Banks to present this claim, and, like any other claimant, he was required to sue thereon within the time provided by statute or submit to the statutory bar, unless his action is the action of the state suing in its sovereign capacity.
 

 We are in perfect accord with the following proposition of law: “General words in a statute do not conclude nor bind the government by whose authority the statute was enacted where its sovereignty, rights, prerogatives or interests are - involved. It is bound only by being expressly named or by necessary implication from the terms and purposes of the act.”
 

 
 *237
 
 Likewise we agree that “Laches can not be imputed to it [the state] and its rights can not be prejudiced by the neglect of its officers. ’ ’
 

 Let it be noted that in all the cases cited in support of these propositions the state was asserting a sovereign right. Is there such a right in this case? Minutely dissecting this case, what do we find? Simply that the state is collecting money. Whose money? Not one penny of it ever finds its way into the state treasury. True, the cost of liquidation is charged against the particular bank and is made by statute a preferred claim against its assets, but the state has no place in the cost bill.
 

 Where the assets of the bank are liquidated, including the amount realized from the super-added liability, the Superintendent of Banks must make payment to creditors and stockholders as their interests appear.
 

 This court held, in the case of
 
 Snider
 
 v.
 
 United Banking & Trust Co.,
 
 124 Ohio St., 375, 178 N. E., 840, an action to enforce the super-added liability, that the provisions of the sections herein involved, in so. far as the authority and duties of the Superintendent of Banks with relation to insolvent banks were concerned, were regulatory and procedural. In the dictum Jin this case at page 378 we find the following language:
 

 “Except for statutory provision, no one except a creditor could maintain the suit, because of not being a party in interest. The requirement that a suit must be maintained by a party in interest is legislative, and it is therefore competent for the Legislature to create exceptions to that provision of the Civil Code.”
 

 Had a creditor presented a claim to the administratrix, who disallowed the claim, as in this case, and the creditor failed to sue within the time provided he would have been barred of recovery beyond question. Then how can the rights of the Superintendent of Banks, seeking to enforce the same liability, rise
 
 *238
 
 higher than the rights of the creditor for whom he is acting in a representative capacity?
 

 We have examined the following cases:
 

 Anderson, Supt. of Banks,
 
 v.
 
 Nawa,
 
 25 Cal. App., 151, 143 P., 555 (1914). Here the State Bank Commissioner, who corresponds to our Superintendent of Banks, was held to be barred by the statutes of limitations.
 

 In
 
 United States
 
 v.
 
 Beebe, 127
 
 U. S., 338, 32 L. Ed., 121, 8 S. Ct., 1083, paragraph 2 of the syllabus, it was held that where the United States was merely a formal party without a pecuniary interest it was barred by the statutes of limitations.
 

 The case of
 
 United States
 
 v.
 
 Des Moines Navigation & Ry. Co.,
 
 142 U. S., 510, 35 L. Ed., 1099, 12 S. Ct., 308, paragraph 3 of the syllabus, is to the same effect.
 

 In
 
 Curtner
 
 v.
 
 United States,
 
 149 U. S., 662, 37 L. Ed., 890, 13 S. Ct., 985, paragraph 1 of the syllabus, it was held, in effect, that the United States, having no interest in the result of the suit, was. barred when the real party in interest would have been barred had he instituted the suit.
 

 In
 
 United States
 
 v.
 
 American Bell Telephone Co., 167
 
 U. S., 224, 42 L. Ed., 144, 17 S. Ct., 809, it was held that notwithstanding the government was a proper* nominal party, having no proprietary or pecuniary interest in the result of the suit, it was amenable to the statute of limitations.
 

 The five cases just cited surely fit the instant case.
 

 In view of the overwhelming weight of authority, this court holds that it was proper for the Superintendent of Banks to present his claim against the estate of Conrad S. Bremer, deceased, to the administratrix for allowance, and, having presented such claim, and having had such claim rejected, he was required to commence his action against such administratrix within two months thereafter; and having failed to institute such action as to such administra
 
 *239
 
 tris within two months after such rejection he is barred by the provisions of Section 10509-133, General Code, and the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Matthias, Day and Zimmerman, JJ., concur.
 

 Jones, J., not participating.