EDNA F. HAYS, CARRIE H. KORACH, LOUIS C. SELDEN AND THE GUARDIAN TRUST CO., AS EXECUTORS OF THE ESTATE OF EUGENE K. HAYS, DECEASED, PETITIONERS, ET AL.,[1] *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 78718, 79428, 80859. Promulgated July 22, 1936.

---

[1] Proceedings of the following petitioners are consolidated herewith: Edna Feiss Hays; The Cleveland Trust Company, Edna Feiss Hays, Cary Hays Korach and Louis C. Selden, Trustees and Fiduciaries under Life Insurance Trust Agreement of Eugene K. Hays dated February 16, 1932.

*David A. Gaskill, Esq.*, and *Earl P. Schneider, Esq.*, for the petitioners.

*Eugene G. Smith, Esq.*, for the respondent.

OPINION.

MELLOTT: The respondent determined a deficiency in estate tax against the estate of Eugene K. Hays (Docket No. 78718) in the amount of $10,589.96. The estate being insolvent, deficiencies in the same amount were assessed against the petitioners in Docket Nos. 79428 and 80859. These proceedings were consolidated for hearing and determination. The facts have been stipulated or admitted in the pleadings.

Eugene K. Hays, a citizen and resident of Cleveland, Ohio, died testate on August 24, 1932. The Guardian Trust Co., Edna F. Hays, Cary H. Korach, and Louis C. Selden were duly appointed executors of his estate on September 13, 1932. Prior to the receipt of the Commissioner's notice of deficiency, the Guardian Trust Co. was placed in liquidation by the Superintendent of Banks of the State of Ohio, and was removed as coexecutor of the estate by order of the Probate Court of Cuyahoga County, Ohio. The three individual executors have continued to act in that capacity.

Edna F. Hays, petitioner in Docket No. 79428, was named beneficiary under an insurance policy issued by the New England Mutual Life Insurance Co. on the life of the decedent, in the sum of $15,000, and this amount was paid to her subsequent to his death. The decedent, until the time of his death, retained certain legal incidents

of ownership in this policy, such as the right to change the beneficiary. The respondent determined that this petitioner was liable for the deficiency as "transferee and beneficiary."

By a trust agreement dated February 16, 1932, the decedent appointed the Guardian Trust Co. of Cleveland, Ohio, Edna Feiss Hays, Cary H. Korach, and Louis C. Selden trustees of an insurance trust. This trust was the beneficiary of certain policies of life insurance taken out by the decedent upon his own life. The Cleveland Trust Co. was duly appointed successor corporate trustee in place of the Guardian Trust Co. on June 8, 1934, by order of the Common Pleas Court of Cuyahoga County, Ohio. The policies made payable to these trustees aggregated $285,000, and they received this amount from the insurance companies subsequent to decedent's death. The decedent retained, until the time of his death, certain legal incidents of ownership in these policies such as the right to change the beneficiary. The petitioners in Docket No. 80859 were the duly qualified and acting trustees of this life insurance trust.

The total gross estate was $347,753.11. Of this amount, $260,000 ($300,000 less the $40,000 exemption provided for in section 302 (g) of the Revenue Act of 1926) represented the insurance taken out by the decedent upon his own life and payable to Edna Feiss Hays, and the life insurance trust above mentioned. This amount of $260,000 was not subject to the payment of debts and charges against the estate.

There were also included in the gross estate, assets of a revocable trust created by the decedent under date of February 16, 1932. The value of these assets at the date of decedent's death was $29,362.91. The respondent determined that these asests were not subject to the payment of debts and charges against the estate. They were held by the Guardian Trust Co. under the trust agreement and as of the date of death, some of these assets having an aggregate value at that time of $23,907.50, were pledged with the collateral loan department of that company to secure personal obligations then owing by the decedent to that company. These obligations were at all times substantially in excess of the value of the pledged securities. Subsequent to decedent's death, these pledged assets were sold by the Guardian Trust Co., and the proceeds realized therefrom were applied in partial liquidation of the debt. In the estate tax return the full amount of indebtedness owing by the decedent at the time of his death to the Guardian Trust Co. was deducted in determining the net estate.

At the time of his death the decedent owned 5 shares of the capital stock of the Guardian Trust Co. having a par value of $100 per

share and 107 shares of the capitol stock of the Union Trust Co. having a par value of $25 per share. Subsequent to the decedent's death, these two banking institutions became insolvent and assessments were made against his estate for the double liability on the stock. The assessments amounted to $3,175. No part of this sum has been paid by reason of the insolvency of the estate. In determining the net estate, respondent disallowed these liabilities as deductions.

The decedent at the time of his death was indebted upon pledges made by him to certain charitable institutions, to wit: John Carroll University Building Fund, $50; Jewish Welfare Fund of Ohio, $125; and the Cleveland Community Fund, $2,250. These pledges were made in consideration of similar pledges by others being made to these charitable institutions and were due and payable prior to decedent's death. In determining the net estate respondent determined that the amount due on these pledges was not allowable as a deduction.

The debts of the decedent, not including double liability upon stocks owned in the banking institutions and not including indebtedness upon pledges to charitable institutions, amounted to $146,579.93, all of which debts were founded upon promises and were contracted by the decedent bona fide and for an adequate and full consideration in money or money's worth. Including the double liability of the estate upon bank stock and the indebtedness upon pledges to charitable institutions, the debts of the estate amounted to $152,179.93, which amount was included as deductible debts of the decedent in the estate tax return.

The respondent determined that the total deductions should be limited to that portion of the gross estate subject to the payment of debts and charges of the estate, and accordingly reduced the amount allowable as debts of the decedent to the value of that portion of the gross estate which remained after deducting the amount of $260,000 representing insurance payable to other beneficiaries, and the amount of $29,362.91 representing the value of the assets held in the revocable trust. As a result of this determination the deductible debts of the estate were reduced by the respondent from $152,179.93, as returned by the executors, to $58,390.20.

The decedent's estate as of the date of death, and at all times subsequent thereto, has been insolvent and will be unable to pay any part of any deficiency determined in these proceedings. On August 2, 1935, the petitioners in Docket Nos. 79428 and 80859 paid on account of the Federal estate tax liability of the estate the sum of $6,852.86, representing the amount of tax shown as due on the return less estimated credit for inheritance tax payable to the State of Ohio. No further payments of tax or interest have been made.

Petitioner's first contention is that the respondent erred in limiting the deductible amount of debts and charges against the estate to the amount of the gross estate other than insurance payable to specific beneficiaries and assets held in the revocable trust. We agree with this contention of the petitioners.

It is now well settled that the deduction allowable for debts of a decedent includes all debts which are recognized in the settlement of the estate as actual and valid claims under the laws of the jurisdiction in which the estate is being administered, even though such debts exceed the amount of the assets available to pay them. The respondent erred in limiting the deduction to that portion of the estate which in his opinion was subject to the payment of the debts and charges of the estate. *Union Guardian Trust Co., Administrator*, 32 B. T. A. 996; *Commissioner* v. *Strauss*, 77 Fed. (2d) 401; *Mary Q. Hallock et al., Trustees*, 34 B. T. A. 575.

The petitioners' second contention is that the respondent erred in disallowing as a deduction the amount of $3,175, representing double liability of the estate upon bank stocks owned by the decedent. With this contention we agree. In *Matteson* v. *Dent*, 176 U. S. 521, an individual owning stock in a national bank died while the stock was owned by him and registered in his name. Subsequent thereto, the bank became insolvent and an assessment was made against the widow and heirs of the decedent who received the stock when the property of the estate was administered. The Supreme Court of the United States said:

\* \* \* Because the insolvency of the bank took place after the death of Matteson, did it result that the assessment, which was predicated upon the insolvency, was not a debt of his estate? To so decide the statute must be construed as imposing the liability on the shareholder for the amount of his subscription when necessary to pay debts, only in case insolvency arises during the lifetime of the shareholder. In other words, that all liability of shareholders, to contribute to pay debts, ceases by death. This construction, however, would be manifestly unsound. The obligation of a subscriber to stock, to contribute to the amount of his subscription for the purpose of the payment of debts, is contractual, and arises from the subscription to the stock \* \* \*. The obligation to respond is engendered by and relates to the contract from which it arises. This contract obligation, existing during life, is not extinguished by death, but like other contract obligations survives and is enforceable against the estate of the stockholder.

Section 303 (a) (1) of the Revenue Act of 1926 provides that there shall be deducted from the value of the gross estate such amounts for claims against the estate, to the extent that such claims were incurred or contracted bona fide and for an adequate and full consideration in money or money's worth, as are allowed by the laws of the jurisdiction under which the estate is administered. Under

the decisions of the courts of Ohio, the estate of the decedent became liable for the payment of the double liability on the bank stock as soon as the assessment was levied. *Kulp* v. *Fleming*, 65 O. S. 321; 62 N. E. 334; and *State ex rel Fulton* v. *Bremer*, 130 O. S. 227; 198 N. E. 874. In our opinion the amount assessed for double liability on bank stock represented a valid claim against the estate of the decedent and should have been allowed as a deduction.

The next contention of the petitioners is that the respondent erred in disallowing as a deduction the indebtedness of the decedent upon pledges made by him to the charitable institutions. It was stipulated that these pledges were "made in consideration of similar pledges of others" and were "of such character as to require payment in full had assets of the estate been available." While the stipulation of the parties as to the legal effect of a transaction or series of events is not binding upon this Board, we are of the opinion that these pledges were valid claims against the estate and that they were incurred or contracted bona fide, and for an adequate and full consideration in money or money's worth. The amount of such pledges should have been allowed as a deduction. (*Jeptha H. Wade, Jr., et al., Executors*, 21 B. T. A. 339; *Frances Plumer McIlhenny et al., Executors*, 22 B. T. A. 1093, 1105; *David A. Reed et al., Executors*, 24 B. T. A. 166, 172; *Robert A. Taft, Executor*, 33 B. T. A. 671, 677, 678.)

The issues heretofore discussed are common to the three proceedings. Although they have been decided in favor of the petitioners, there will be a small deficiency due to the fact that two issues relating to the value of bank stocks were abandoned by the petitioners and no evidence was offered with respect to them. It becomes necessary therefore to determine another issue raised by the petitioners in Docket Nos. 79428 and 80859. They contend that the respondent erred in determining or asserting a deficiency in estate tax against them.

The notice of deficiency in Docket No. 79428 was addressed to Edna Feiss Hays "Trustee and Beneficiary"; and in Docket No. 80859 to the four petitioners now before us, followed by the words, "Trustees and Fiduciaries." The deficiency notices stated: "Pursuant to section 315 (b) and section 316 of the Revenue Act of 1926, there is proposed for assessment against you the sum of $10,589.96, plus interest thereon." The notice addressed to Edna Feiss Hays stated that the amount proposed for assessment constituted her "liability as a beneficiary of life insurance upon the life of the decedent, Eugene K. Hays" while those addressed to the petitioners in Docket No. 80859, stated that the amount proposed for assessment constituted their "liability as trustees of life insurance upon the life of the decedent, Eugene K. Hays."

814

We show in the margin the pertinent provisions of section 315 (b) and section 316 of the Revenue Act of 1926.[2]

The petitioners concede that, as beneficiaries of insurance taken out upon the life of the decedent, they are liable for Federal estate tax to the extent provided in section 315 (b), *supra.* They argue, however, that the Commissioner may proceed against them only in a court of general jurisdiction and that they are not liable as transferees of the property of the decedent under the provisions of section 316, *supra*,[2] for the deficiency in tax.

Under the applicable provisions of the Federal estate tax law, the "gross estate" of a decedent is not limited to the assets which pass to the executors, or over which the local probate court has jurisdiction, and to which the creditors of the decedent may look for the payment of their claims. It includes other items such as transfers of property made in contemplation of death, or to take effect at or after death, and insurance proceeds, in excess of $40,000 payable to beneficiaries other than the executors on policies taken out by the decedent during his lifetime, where he, prior to his death, did not part with all legal incidents of ownership. Sec. 302, Revenue Act of 1926; *Chase National Bank* v. *United States*, 278 U. S. 327.

The decedent in this proceeding had, at the time of his death, policies of insurance upon his life aggregating $300,000. Prior to his death, he did not part with all of the legal incidents of ownership in such policies. To the extent that this insurance exceeded the $40,000

---

[2] Sec. 315. (b) If (1) the decedent makes a transfer, by trust or otherwise, of any property in contemplation of or intended to take effect in possession or enjoyment at or after his death (execpt in the case of a bona fide sale for an adequate and full consideration in money or money's worth) or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax. Any part of such property sold by such transferee or trustee to a bona fide purchaser for an adequate and full consideration in money or money's worth shall be divested of the lien and a like lien shall then attach to all the property of such transferee or trustee, except any part sold to a bona fide purchaser for an adequate and full consideration in money or money's worth.

Sec. 316. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a decedent or donor, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this title or by any prior estate tax Act or by any gift tax Act.

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the decedent or donor.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

\*      \*      \*      \*      \*      \*      \*

(e) As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.

exemption provided for in section 302 (g), *supra*, it was includible in his gross estate. Edna Feiss Hays received $15,000 of this insurance, and the trustees, under the insurance trust agreement, received $285,000. They were therefore distributees of property of the decedent.

Section 316 (e), *supra*, provides that the term "transferee" includes heir, legatee, devisee, and distributee. Petitioners argue that if Congress had intended that beneficiaries of life insurance should be included within the term "transferee", it would have included the word "beneficiary" in section 316 (e). With this argument, we do not agree. That it was the intention of Congress that beneficiaries of life insurance could be proceeded against as transferees where an estate is insolvent and unable to pay a deficiency in estate tax, is clearly shown in the following excerpt from the "Statement of the Managers on the part of the House" to be found on page 50 of the Conference Report on the Revenue Bill of 1926 (Rept. No. 356, 69th Cong., 1st sess.) :

Among the liabilities which the procedure outlined in section 316 will cover are the liability in respect of an estate tax, of an heir, devisee, distributee, or legatee of the decedent, and the liability under section 315 (b) of a transferee of a gift made by a decedent in contemplation of death, or *of a specific beneficiary of an insurance contract* of a decedent; * * *. [Italics ours.]

The parties to these proceedings have stipulated that the decedent's estate as of the date of death and at all times subsequent thereto, was and is insolvent and that the estate will be unable to pay any part of the deficiency in tax which is due. The purpose of section 316, *supra*, was to provide for such a contingency and to permit the respondent to enforce such liability against transferees of property of a decedent. Petitioners in Docket Nos. 79428 and 80859 having received proceeds of insurance policies taken out by the decedent upon his own life, in excess of $40,000, and in excess of the amount of the deficiency which we have here found to be due, are transferees and are liable as such for the amount of the deficiency.

The final contention of the petitioners in Docket Nos. 79428 and 80859 is that even if they are liable as transferees, their liability is limited to the deficiency in tax, and that they are not liable for the deficiency plus interest.

A similar contention was made in *Louisiana & Arkansas Railway Co.*, 28 B. T. A. 153. In that case the corporation acquired all the assets of another corporation and agreed to assume its obligations. A deficiency plus interest, was asserted against it as transferee. It paid the deficiency but denied its liability for interest. The Board held that the Commissioner could determine a liability against a transferee, not only for a deficiency, but also for "interest, additional amounts, and additions to the tax provided by law" and that such a

determination was subject to the same process as the determination of a deficiency. The transferee was held to be liable for the interest on the deficiency determined by the respondent. Upon appeal the decision was affirmed by the Circuit Court of Appeals for the District of Columbia (70 Fed. (2d) 286).

The section of the statute involved in *Louisiana & Arkansas Railway Co., supra,* was section 280 (a) of the Revenue Act of 1926. This section is substantially the same as section 316 (a) *supra,* the only difference between the two sections being that the former covers transferee liability with respect to income, excess profits and war profits taxes, while the latter relates to transferee liability with respect to estate taxes. In determining transferee liability the same tests are applied under both provisions. We are of the opinion, therefore, that the decision of this Board and of the court in the *Louisiana & Arkansas Railway Co.* case is decisive of the question here presented and the petitioners are liable for the deficiency, including interest. See also *R. T. Buzard et al.,* 29 B. T. A. 981; affd., 77 Fed. (2d) 391.

*Judgment will be entered under Rule 50.*