By the Court.
 

 The controlling question presented for determination by this court is whether Section 710-75, General Code, is unconstitutional in that “it increases the obligation of the stockholders of a bank beyond that permitted by Section 3, Article XIII, of the Ohio Constitution.”
 

 Article XIII, Section 3, of the Ohio Constitution, provides: “Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her; except-that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. No corporation not organized under the laws of this state, or
 
 *182
 
 of the United States, or person, partnership or association shall use the word ‘bank,’ ‘banker’ or ‘banking,’ or words of similar meaning in any foreign language, as a designation or name under which business may be conducted in this state unless such corporation, person, partnership or association shall submit to inspection, examination and regulation as may hereafter be provided by the laws of this state.”
 

 Section 710-75, General Code, provides: “Stockholders of banks shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such bank, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. The stockholders in any bank who shall have transferred their shares or registered the transfer thereof within sixty days next before the failure of such bank to meet its obligations, or with knowledge of such impending failure, shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way recourse which such stockholders might otherwise have against those in whose names such shares are registered at the time of such failure. In determining the said period of sixty days, the period or periods when any bank is in possession of the superintendent of banks or is operating under any restriction upon the withdrawal of deposits or the payment of liabilities shall be excluded. At any time after taking possession of a bank for the purpose of liquidation when the superintendent of-banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders.”
 

 Section 710-75, General Code, in our opinion, makes no change in bank stockholders’ constitutional super-
 
 *183
 
 added liability. It neither enlarges nor diminishes it. It does not create new, or extend existing, liabilities. Under the law, a stockholder is liable for all debts of the banking corporation existing while a stockholder. This liability is continuous and is not discharged by subsequent
 
 bona» fide
 
 transfer
 
 (Brown
 
 v.
 
 Hitchcock,
 
 36 Ohio St., 667) without consent of corporate creditors.
 

 When a stockholder sells his stock to another and the transfer is entered upon the corporation records, such transfer effects a novation, with the consent of the corporation, substituting the transferee for the transferrer, and the transferee succeeds to all the rights, benefits and liabilities of the transferrer as between stockholders. However, as to creditors, a novation cannot thus be effected without the consent of the creditors. The corporation is the unconditional debtor. A stockholder is- a conditional debtor. Two debtors cannot effect a novation discharging one another from their obligations to a common creditor. To effect a novation as to a creditor, the creditor’s consent must first be obtained. However, since every depositor is a creditor of the banking institution, it is not practical to obtain the consent of each individual depositor. The statutory provision renders the stock transfer ineffective if the bank fails within a period of sixty days following such transfer. In other words, the transfer is effective as to creditors if the bank continues to meet its obligations for a period of sixty days following transfer. The lapse of sixty days operates as a substitute for and has the effect of consent by creditors, and effects a novation as to creditors. This must be deemed to have been the intention of the Legislature.
 

 The intention of the electorate in adopting Article XIII, Section 3, was to protect creditors. That construction must be given which will best protect them. A statute which provides a method by which a stock
 
 *184
 
 holder may not easily evade an existing liability does not thereby fix or enlarge upon his liability; nor does it affect substantive rights, but is merely procedural in character.
 

 In
 
 Snider
 
 v.
 
 United Banking & Trust Co.,
 
 124 Ohio St., 375, 178 N. E., 840, this court held that “The provisions of Sections 710-75, 710-89 and 710-95, General Code, are regulatory and procedural, and neither augment nor diminish the constitutional rights of creditors.”
 

 If Section 710-75, General Code, does not augment or diminish the constitutional rights of creditors, it cannot be said to augment the constitutional liability of stockholders. There cannot logically be an enlargement of one without a corresponding enlargement of the other. Two sides of an equation are equal to one another. The question presented in this case is the inverse of that presented in
 
 Snider
 
 v.
 
 United Banking & Trust Co., supra.
 
 However, the principle controlling each is the same.
 

 Although Article XIII, Section 3 of the Constitution, is self-executing
 
 (Lang
 
 v.
 
 Osborn Bank,
 
 100 Ohio St., 51, 125 N. E., 105;
 
 Allen
 
 v.
 
 Scott, Supt. of Banks,
 
 104 Ohio St., 436, 135 N. E., 683;
 
 Snider
 
 v.
 
 United Banking & Trust Co.,
 
 supra),'it is nevertheless competent for the Legislature to provide procedure for its enforcement.
 

 In
 
 Snider
 
 v.
 
 United Banking & Trust Co., supra,
 
 this court, with respect to Article XIII, Section 3, said that it is “ self-executing and does not require the aid of legislation to make it enforceable. True, it is perfectly competent for the Legislature to provide the machinery for such enforcement, and such machinery has in fact been provided. This legislation is found in Sections 710-1 to 710-189 of the General Code, commonly referred to as the Banking Code.”
 

 We find Section 710-75, General Code, to be consti
 
 *185
 
 tutionally valid, and that the petition of appellee based thereon states a cause of action.
 

 Judgment affirmed.
 

 "Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.
 

 Williams and Jones, JJ., not participating.