Zimmeeman, J.
 

 The question presented on this appeal is whether the Superintendent of Building and Loan Associations of the State of Ohio, in his capacity as liquidator of the Columbian Building & Loan Company of Columbus, was an employer within the contemplation of the Unemployment Compensation Act (Section 1345-1
 
 et seq.,
 
 General Code), amenable to the provisions of the act with respect to an employee
 
 *629
 
 named Bentz, whom he dismissed, such employee having worked for such association before it was taken over for liquidation and having been retained by the superintendent after he became liquidator. In short, was the, superintendent an employer and- was Bentz an employee within the purview of the act?
 

 Stated chronologically, the facts are these:
 

 In May of 1932 one Charles H. Bentz, Sr., entered the employ of the Columbian Building
 
 &
 
 Loan Company, being hired by the board which was then managing the institution. In March of 1933 the then Superintendent of Building and Loan Associations assumed charge of the Columbian for liquidation and retained Bentz on work connected with the liquidation. On December 16, 1936, the Unemployment Compensation Act was passed by the General Assembly. During June of 1939 Bentz was discharged for the reason that the liquidating process had so far advanced that his services were no longer required.
 

 Bentz filed a claim for benefits under the act with the administrator. It was disallowed on the ground that, under the circumstances, the act was without application. Bentz prosecuted an appeal to the Board of Eeview, and was eventually successful. The superintendent appealed to the Court of Common Pleas of Franklin county, and lost, and then to the Court of Appeals with a like result. The matter is now in this court, following the allowance of a motion for certification.
 

 Insofar as applicable, Section 1345-1
 
 b
 
 (1) (117 Ohio Laws, 289), provided:
 

 “ ‘Employer’ means any individual or type of organization including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or the successor thereof, # *
 

 
 *630
 
 Section 1345-1
 
 c
 
 (117 Ohio Laws, 289), recited:
 

 “ ‘Employment’ means service, including services performed in interstate commerce, performed.for remuneration under any contract of hire, written or oral, express or implied. * * *”
 

 Section 1345-1 (E) (117 Ohio Laws, 289), read:
 

 ‘ ‘ The term employment shall not include: *
 
 * *
 

 • “(4) Service performed in the employ of any governmental unit, municipal or public corporation, political subdivision, or instrumentality of the United States or of one or more states or political subdivisions in the exercise of purely governmental functions * * *.”
 

 The Unemployment Compensation Act is of a remedial character and by the express injunction of Section 1345-33, General Code, ‘ ‘ shall be liberally construed'to accomplish the purposes thereof.”
 

 While the question is a close one, we are of the opinion that the board of review and the lower courts were right. The superintendent, in liquidating the Columbian Building & Loan Company was not acting in a sovereign or governmental capacity. His status as liquidator was similar to that of an ordinary receiver or trustee, and his acts were for the benefit, and in the interests, of creditors, depositors and shareholders of the company and other affected persons, and not for the benefit of the state of Ohio in any direct sense. Bentz was working exclusively on the affairs of the company and cannot fairly be classed as an employee of the state, performing governmental functions. He was not under civil service and his compensation came from the funds of the company. Upon dismissal, through no fault of his, he qualified for relief under the act.
 

 As to the status of the superintendent as liquidator, see
 
 Warner, Supt. of Bldg. & Loan Assns.,
 
 v.
 
 Mutual Bldg. & Invest. Co.,
 
 128 Ohio St., 37, 190 N. E., 143;
 
 *631
 

 State, ex rel. Fulton, Supt. of Banks,
 
 v.
 
 Bremer, Admx.,
 
 130 Ohio St., 227, 198 N. E., 874;
 
 State, ex rel. Fulton, Supt. of Banks,
 
 v.
 
 Coburn,
 
 133 Ohio St., 192, 12 N E. (2d), 471;
 
 Evans, Bldg. & Loan Commr.,
 
 v.
 
 Superior Court of City and County of San Francisco,
 
 14 Cal. (2d), 563, 96 P. (2d), 107.
 

 In support of the position taken herein as to the applicability of the Unemployment Compensation Act, see
 
 Carroll v. Social Security Board
 
 (C. C. A. 7), 128 F. (2d), 876;
 
 In re Kinney,
 
 257 App. Div., 496, 14 N. Y. Supp. (2d), 11, affirmed, 281 N. Y., 840, 24 N. E. (2d), 494;
 
 In re Batter,
 
 14 N. Y. Supp. (2d), 42, 257 App. Div., 546, affirmed, 282 N. Y:, 722, 26 N. E. (2d), 827.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.