Hart, J.
The relators claim that the respondent, in making the additional-award payments for a back period of only two years, or from January 19, 1942, instead of from October 3, 1938, has failed to perform its legal duty as required by Section 35, Article II of the Constitution.
The respondent, on the other hand, claims that the payments must be limited to a back period of two years from the date of filing the application for modification of such additional award, which application it assumes was not made prior to January 19, 1944, the date of the decision of the Engle case, above referred to. The respondent claims that this limitation is made by the provisions of Section 1465-86, General Code, which section is as follows:
‘ ‘ The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten *480 years after tlie injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor which is filed after this act becomes effective. Nothing herein shall be construed to affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten (10) year period provided in this section. * * *” (Italics ours.)
The respondent had, on February 29, 1940, made an award for additional compensation as it then interpreted the law, and this award was accepted by the relators without complaint or application for modification. To change such award required either an application by the relators, or sua sponte action on the part of the respondent, to modify the award already made. This was not done before January 19, 1944. Theoretically, the relators’ right to the additional award accrued on the date of decedent’s death. State, ex rel. Engle, v. Industrial Commission, supra. Although the relators’ right to the additional award beyond that first allowed was available and could have been pursued from the date of injury, it was not asserted before January 19, 1944. The failure to file an application for the modification of the award, for additional compensation prior to January 19, 1942, lay with the relators.
Even though the Constitution, in providing for an additional award for injuries suffered as a result of the violation of a specific safety requirement, created a substantive right, the General Assembly could enact and did enact regulatory and procedural legislation for the administration and enforcement of that substantive right. Similar legislation has been approved *481 by this court. Snider v. United Banking & Trust Co., 124 Ohio St., 375, 178 N. E., 840; Squire, Supt. of Banks, v. Solinski, 132 Ohio St., 180, 5 N. E. (2d), 479. And such legislative procedure may include a limitation as to the period within which action may be taken to enforce .the substantive right. See Burrill, Treas., v. Locomobile Co., 258 U. S., 34, 66 L. Ed., 450, 42 S. Ct., 256.
Statutes of limitation for the prosecution of actions and the assertion of substantive rights have been held constitutionally valid, if the period within which the right must be asserted is reasonable. 34 American Jurisprudence, 27, Section 18. See Bartol v. Eckert, 50 Ohio St., 31, 40, 43, 33 N. E., 294. No claim is here made that the period of limitation is' unreasonable, but only that it has no application.
Section 1465-86, General Code, includes a limitation of 10 years on the continuing jurisdiction of the respondent over any claim for compensation. It must be clear that this limitation period applies to applications for additional awards for the violation of specific safety requirements, since, in any case, the claim or right upon which the original compensation is based is limited by the 10-year provision.
Section 1465-72a, General Code, provides a limitation of two years for filing original applications for compensation, and this court has held that such limitation applies to the filing of applications for additional compensation for violation of specific safety requirements. State, ex rel. Carr, v. Industrial Commission, 130 Ohio St., 185, 198 N. E., 480. The purposes of such statutory limitation on the prosecution of compensation claims are that such claims be prosecuted promptly; that all aspects of the claims be prosecuted together, so far as possible, and while the facts are available; and that the ultimate liability under *482 such claims be established promptly so that it may be enforced by the respondent for the benefit of the fund.
Although, in the first instance, additional compensation, when allowed, must be paid from the fund, the Constitution provides that the amount of such pa3ments is to be recouped by the commission from the employer. Such being the case, the employer is entitled to have this liability fixed promptly so that he may not only make provision for its pa3nnent but may have the advantage of such tax credits as the satisfaction of such liability affords. On the other hand, the liability should be fixed promptly so that the commission may recoup the funds while the employer, ultimately ' liable, is in financial position to respond.
These are considerations which justify the legislative adoption of the limitation under consideration and its administrative application to the facts in the instant case. In the opinion of the court, Section 1465-86, General Code, is applicable to the relators’ claim and the respondent was justified in making back payments to January 19, 1942, and no further.
The writ is denied.

Writ denied.

Weygandt, C. J., Turner and Matthias, JJ., concur. Zimmerman, Bell and Williams, JJ., dissent.