SEABURY, RECEIVER, *v.* GREEN, ADMINISTRA-TRIX, ET AL.

No. 434. Argued December 11, 12, 1934.—Decided February 4, 1935.

*Messrs. Raymon Schwartz* and *George P. Barse,* with whom *Mr. F. G. Awalt* was on the brief, for petitioner.

*Mr. Samuel Want* for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

March 17, 1927, Moses Green, of Sumter County, South Carolina, died testate. He left three sons, a daughter and a deceased son's three minor children. His will was established in probate court; the executor qualified and entered upon his duties. The residuary estate contained 20 shares of stock of the City National Bank of Sumter, which were distributed by the executor and transferred on the books of the bank: four shares to each of testator's children and four to the three minors. The executor was discharged. The bank continued for several years thereafter to carry on as a going concern. Then it closed because of insolvency and was put in the hands of a receiver, the petitioner. The Comptroller made an assessment of $100 a share. No payment having been made on account of the

four shares in the names of the minors, an administratrix de bonis non with the will annexed was appointed. She refused to pay the assessment. The undivided interest in real estate received by the distributees under the testator's will is worth more than $2,000, the par value of the 20 shares, and the minors' interest is worth more than $400.

Claiming under Title 12, U. S. C., §§ 64 and 66, petitioner brought this suit in the common pleas court of Sumter County against the administratrix, the sons and daughter, the minors and their guardian. He made no demand and asserted no claim against the executor. The complaint prayed judgment against the administratrix for $400 with interest and that the property taken under the will and held by the other defendants be subjected to the claim. The trial court, following *Rutledge* v. *Stackley,* 162 S. C. 170; 160 S. E. 429, held the minors not personally liable because legally incapable of assuming the obligation; that if living the testator would be, and therefore his estate is, liable and that petitioner is entitled to judgment against the administratrix; that the property taken by the minors under the will should be subjected to the payment of the debt and, if not sufficient, the property distributed to and held by the testator's sons and daughter. It gave judgment for petitioner in accordance with these rulings. The administratrix and minors appealed. The supreme court reversed. 173 S. C. 235; 175 S. E. 639. It held the will did not direct distribution of bank stock to the minors, but the executor allotted it to them in what he considered an orderly and authorized division of the estate; that, as they could not assume the obligation, their property is not liable, and that, as the transfer to them was not directed by the will and the executor had no power to bind the estate, it was not liable. In support of its conclusion the court suggested that during administration there existed

against testator's estate no claim in favor of the bank's creditors; that all debts of the estate were paid and that the executor was discharged without objection. And it said "we can see no reason why a claim which did not exist during the orderly administration of the estate should now be brought up years after the estate closed. . . . It does not seem that either the act of Congress or the State Statute imposing liability on stockholders in banks is sufficient to cover the very peculiar facts existing in this case."

Respondent maintains that no federal question is involved. To the extent the opinion implies that liability of stockholders of national banks is a creature of or depends upon a statute of South Carolina, the assumption is so plainly without foundation as to suggest that it must have been inadvertently made. The court's ruling that the estate is not liable for the assessment necessarily depends upon its construction of § 66. The judgment is reviewable here under § 237 (b), Judicial Code.

For the want of capacity the minors are not subject to the assessment. The shares, though in form transferred to their names on the books of the bank, actually continued to be and still are a part of the testator's estate. *Early* v. *Richardson*, 280 U. S. 496, 499. Cf. *McNair* v. *Darragh*, 31 F. (2d) 906. And the estate continued to be liable as a stockholder under § 66. The liability was not by the Congress intended to be limited to property, actually in the hands of the personal representative when the bank became insolvent or when the comptroller's assessment was made. Section 64 imposes liability upon the stockholder while living. Section 66 lays the same burden upon his estate. The purpose of the latter is to make the estate liable for the comptroller's assessment, made after the stockholder's death, just as it is liable for decedent's indebtedness arising before he died. *Zimmerman* v. *Carpenter*, 84 Fed. 747, 751. Cf. *Matteson* v. *Dent*, 176 U. S.

521. The obligation continues unimpaired until valid assignment of the shares by final distribution of the estate, if not by an earlier transfer. *Forrest v. Jack,* decided this day, *ante,* p. 158. Our attention has not been called to any South Carolina statute purporting to, and the state supreme court did not hold that any law of the State does, bar the enforcement of the assessment on the ground it was not made before the discharge of the executor. The decree of the court by which he was discharged, while having the effect of vacating the office, did not operate to extinguish the estate, and so the administratrix de bonis non with the will annexed became the personal representative of the testator and is liable as the testator would be if he were living and owned the stock. As suggested in *Forrest v. Jack, supra,* the enforcement of liability imposed by § 66 may not be thwarted or impeded by state law. The state court failed to enforce that liability. It should have held that petitioner is entitled to judgment against the administratrix for the indebtedness owing by the estate on account of the four shares standing in the names of the minors, and that the judgment be enforced against property owned by testator when he died and now held by his children and grandchildren. *Matteson v. Dent, supra. McNair v. Howle,* 123 S. C. 252, 268; 116 S. E. 279. *Columbia Theological Seminary v. Arnette,* 168 S. C. 272, 277, *et seq.*; 167 S. E. 465.

*Reversed.*