BELOW v. FIRST NAT. BANK OF DANVILLE, ILL.

No. 811–D.

District Court, E. D. Illinois.

Feb. 5, 1936.

On the Merits July 15, 1936.

704

Riley McClain, of Paris, Ill., for plaintiff.

A. A. Johnson, of Danville, Ill., for defendant.

LINDLEY, District Judge.

■ The motion to dismiss admits the facts pleaded in the bill, and it appears in the latter that the administrator with the will annexed of the last will and testament of Pleasant Mills, deceased, has in its hands assets of Pleasant Mills, deceased, that have not been distributed. Under the federal statute (12 U.S.C.A. § 66) plaintiff as receiver has a right to secure a decree of court establishing the claim against said fund. Zimmerman v. Carpenter (C.C.) 84 F. 747; Mortimer v. Potter, 213 Ill. 178, 72 N.E. 817.

■ This does not necessarily mean that plaintiff has a lien upon such assets prior to claims of other creditors. It does mean that the court, upon hearing the evidence, will direct such decree as will be equitable in the premises enforcing the federal statute as commanded by Congress. The theory of the statute, as has been established by many authorities, is that, irrespective of the date of the death of the deceased stockholder and irrespective of the allowance of claims in probate court, assets in the hands of the executor or administrator undistributed shall be liable to the same extent as if the deceased stockholder were still alive.

· Accordingly, the motion to dismiss is overruled. Defendant is ruled to answer within 15 days from this date.

On the Merits.

■ This is a suit in equity by the receiver of a national bank to impress the assets of the estate of a deceased stockholder with liability for an assessment upon such stock. The estate has not been completely administered. The proceedings in the probate court are still pending and substantial assets remain in the hands of the administrator. The stock was issued to the deceased some years before his death and never transferred. In the absence of proof of such transfer, the estate remains liable.

■ Consequently, the case is governed by Seabury v. Green, 294 U.S. 165, 55 S. Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463, and Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 79 L.Ed. 829, 96 A.L.R. 1457, and plaintiff is entitled to the relief prayed.

Nor does the denial of the claim in the probate court, because of the elapse of a year before filing same, bar this action. As said by the Supreme Court in Seabury v. Green, supra, the enforcement of liability imposed by the federal statutes may not be thwarted or impeded by the state law. See, also, Zimmerman v. Carpenter (C.C.) 84 F. 747; Mortimer v. Potter, 213 Ill. 178, 72 N.E. 817 and authorities cited in 41 A.L.R. 181.

Consequently, there will be a decree impressing the assets of the estate with liability for the demand.

■ I do not agree, however, that this debt should have preference over other claims against the estate. The federal statute does not purport to give any priority to national bank stock assessments over other creditors. The decree should be framed, therefore, so that other general creditors and plaintiff shall share upon the same basis in proportion to their respective demands in the assets of the estate considered as a whole. Proper decree may be submitted.

The foregoing is herewith adopted as my findings of fact and conclusions of law, pursuant to Equity Rule 70½, 28 U.S.C.A. following section 723.