## KOENIG v. FLUKE.
### No. 10350.

Circuit Court of Appeals, Eighth Circuit.
March 13, 1936.

Rehearing Denied April 3, 1936.

D. E. Kennedy, of Sedalia, Mo. (Frank W. Hayes, of Sedalia, Mo., on the brief), for appellant.

W. H. Martin, of Boonville, Mo., for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This suit at law was tried without a jury upon a stipulation of facts, from which it appears that George F. Fluke, late of Cooper county, Mo., died October 18, 1929, testate, owning ten shares of the capital stock of the First National Bank of Versailles, Mo., which were taken over and inventoried as of no value by his executors and left undisposed of in the distribution of the estate, without any change of registration on the books of the bank having been made. The bank failed and was taken over by the Comptroller three years after the final settlement of the estate in the probate court, and soon afterwards assessment was made by the Comptroller against the ten shares of stock in the sum of $1,000. The receiver of the bank brought this suit for the full amount of the assessment against the widow, who was an executrix of the estate and a beneficiary under the will to the extent of one-third of the estate, and had received property of the value of more than $1,500 on final distribution. In the first count of his petition the receiver claimed devastavit for failure of the executrix to reserve from distribution sufficient of the estate to pay the assessment, and in the second count asserted that she was liable for the whole assessment because she had received property of the estate as legatee and distributee

which was of value greater than the amount of the assessment. She denied liability as to the claim of devastavit, but admitted that, as the recipient of one-third of the estate of George F. Fluke, she was obligated to pay one-third of the assessment, which she tendered.

The trial court found that it was not shown that the executrix, at the time of the distribution of the estate, had knowledge or reason to know that the bank was insolvent, or that the contingent liability of the estate on the shares of bank stock sued on would ever become fixed. Accordingly, recovery for devastavit was denied. The court found that the defendant was liable to pay one-third of the amount of the assessment which she had duly tendered and paid into court, and the receiver had judgment therefor.

The receiver appeals and by appropriate assignments of error reasserts both the claims presented below.

Considering first the refusal of the trial court to award judgment for more than one-third of the stock assessment on account of the estate distributed to Mrs. Fluke as legatee under the will: It is settled by Forrest v. Jack, 294 U.S. 158, 55 S.Ct. 370, 372, 79 L.Ed. 829, 96 A.L.R. 1457, reversing Jack v. Forrest (C.C.A.) 71 F.(2d) 264, q. v., that: "In the absence of federal enactments relating to procedure for enforcement of the liability imposed by [12 U.S.C.A.] section 66, collection is to be made in accordance with state laws governing claims against estates of deceased persons at least to the extent that such laws are not inconsistent with enforcement of the liability imposed by national authority." The statute considered in that case was that of Utah, and in the case of Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463, decided at the same time, the laws of South Carolina controlled. In Matteson v. Dent, 176 U.S. 521, 20 S.Ct. 419, 44 L.Ed. 571, those of Minnesota determined the conclusion of the court. In each of the cases the recovery of the bank receiver was different. See Hulburd v. Commissioner, 296 U.S. 300, 56 S.Ct. 197, 80 L.Ed. ——.

■ The applicable provision of the Missouri statute is section 3111, Rev.St.Mo. 1929 (Mo.St.Ann. § 3111, p. 1939), which has stood in its present form since 1879, has been often considered by the Missouri courts, and is construed to mean that where liabilities of a decedent are enforced against legatees after distribution of the estate, the liability of such legatees is several and not joint and recovery against any one is limited to the pro rata share of the estate received by him. Walker's Adm'r v. Deaver, 79 Mo. 664, 680; Pearce v. Calhoun, 59 Mo. 271; Thompson v. School District, 71 Mo. 495; Metcalf v. Larned, 40 Mo. 572, 576; Bartlett v. Tinsley, 175 Mo. 319, 330, 75 S.W. 143; Sauer v. Griffin, 67 Mo. 654, 658; Foote v. Clark, 102 Mo. 394, 406, 14 S.W. 981, 11 L.R.A. 861; Binz v. Hyatt, 200 Mo. 299, 308, 98 S.W. 637; State ex rel. v. Burnes, 129 Mo. App. 474, 107 S.W. 1094; Leavenworth Savings & Trust Co. v. Newman (C.C.A.8) 23 F.(2d) 835, 837. Accordingly, the judgment upon the first count of the petition for one-third of the assessment was right.

■ As to the claim of devastavit, we approve the finding of the trial court that the facts stipulated did not charge the executrix with knowledge of the insolvency of the bank at any time during her administration. The bank remained open for more than four years after the death of Mr. Fluke and three years after the final settlement of his estate, and the fact that the stock had been appraised as valueless was not equivalent to a determination that the bank was or would become insolvent or that an assessment would ever be made against the stock.

■ In the absence of knowledge or reason to believe that the bank was or was likely to become insolvent and its stock subjected to assessment, the only duty upon the executrix was to distribute the estate under the probate court's decree to those entitled. Each of the distributees took his or her share subject to the liability prescribed by the statute as interpreted by the Missouri courts. Forrest v. Jack, supra.

It is argued that some different result may be arrived at because the executrix is not shown to have made any physical delivery of the stock at the time of the final settlement of the estate and no entry of any transfer was made upon the bank's registry. But such omissions could not occasion any damage or injury to the estate in the nature of devastavit caused by the executrix, or afford any basis for recovery by the receiver on that ground.

Judgment affirmed.