**UNITED STATES v. PEOPLES TRUST & SAVINGS CO. OF FORT WAYNE, IND.**

**No. 6496.**

Circuit Court of Appeals, Seventh Circuit.

June 6, 1938.

F. E. Youngman, Sp. Asst. to Atty. Gen., James W. Morris, Asst. Atty. Gen., J. Louis Monarch, C. Stanley Titus, and W. Croft Jennings, Sp. Assts. to Atty. Gen., James R. Fleming, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of Hammond, Ind., and Alexander M. Campbell, Asst. U. S. Atty., of Fort Wayne, Ind., for appellant.

John Morris and James R. Newkirk, both of Fort Wayne, Ind., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an action brought by the United States against the Peoples Trust & Savings Company of Fort Wayne, Indiana, executor of the estate of Earl L. Martin, deceased, to recover a judgment for income taxes for the calendar years 1929 and 1930, which was prior to decedent's death.

Defendant demurred to the complaint on the ground that the District Court was without jurisdiction, inasmuch as decedent's estate was being administered in the Probate Court of Indiana. The demurrer was sustained, the court holding that it was without jurisdiction, but even if it had jurisdiction, it was discretionary, and such discretion was exercised by relegating the parties to the State Court having probate jurisdiction. This appeal thus raises solely the jurisdictional question.

Plaintiff relies upon Section 24(1) of the Judicial Code, U.S.C., title 28, § 41(1), 28 U.S.C.A. § 41(1), which confers original jurisdiction upon United States District Courts "of all suits of a civil nature, at common law or in equity, brought by the United States." It is conceded by plaintiff that the Probate Court of Indiana has jurisdiction to entertain the suit in question. On the other hand, it is the contention of defendant that the Federal Court is without jurisdiction and that exclusive jurisdiction is vested in the Probate Court of Indiana. The applicable provision of the Statute of that state is found in footnote[1].

Many cases are cited wherein the Federal Courts have considered and determined their jurisdiction to entertain suits against administrators and executors for the purpose of establishing claims against estates and wherein the rights of such persons have been determined, but no case cited and none which we are able to find decides the precise question here involved.

In Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867, the Court held that an administrator appointed by a State Court might properly be sued in a Federal Court. In discussing the question, however, the court on page 615, 13 S.Ct. on page 908, said:

"An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the orders of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court."

The court concluded that jurisdiction was in the Federal Court and permitted the recovery of a judgment, yet at the same time found that such judgment gave no prior lien on the property but simply fixed the status of the parties and compelled the administrator to recognize it in the administration of the affairs of the estate.

In Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80, the Court in discussing a similar question, on page 43, 30 S.Ct. on page 12, said:

"The rule stated in many cases in this court affirms the jurisdiction of the Federal courts to give relief of the nature stated, notwithstanding the statutes of the state undertake to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates. This rule is subject to certain qualifications, which we may now notice. The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court."

After citing and discussing a number of cases, the court further said on page 46, 30 S.Ct. on page 13:

"The United States circuit court, by granting this relief, need not interfere with the ordinary settlement of the estate, the payment of the debts and special legacies, and the determination of the accounts of funds in the hands of the executor, but it may, and we think has the right to, determine, as between the parties before the court, the interest of the complainant in the alleged lapsed legacy and residuary estate, because of the facts presented in the bill. The decree to be granted cannot interfere with the possession of the estate in the

---

[1] a. "*Circuit courts have exclusive jurisdiction.*—The circuit courts of this state shall have exclusive original jurisdiction of all matters relating to the probate and contest of last wills and testaments, the granting of letters testamentary and of administration, and the settlement and distribution of decedents' estates. The court granting the letters shall have exclusive jurisdiction of all matters touching the settlement and distribution of the estate whereon said letters shall have been granted." § 6-101, Burns' Indiana Statutes Annotated 1933.

hands of the executor, while being administered in the probate court, but it will be binding upon the executor, and may be enforced against it personally."

In our own Circuit in Crider v. Shelby, C.C., 95 F. 212, Judge Baker, in a suit attacking Federal jurisdiction, brought by a citizen of Iowa against the administrator of the estate of a citizen of Indiana, on page 213 said:

"It is firmly settled by the decisions of this court, as well as by the decisions of the supreme court of the United States, that the jurisdiction of the courts of the United States cannot be impaired by the laws of the states which prescribe particular modes of redress in their courts, or which regulate the distribution of judicial power. The question here made was made in the cases of Hess v. Reynolds, 113 U.S. 73, 5 S.Ct. 377 [28 L.Ed. 927], and Clark v. Bever, 139 U. S. 96, 11 S.Ct. 468 [35 L.Ed. 88], and was decided adversely to the party assailing the jurisdiction of the courts of the United States. In each case it was decided that the courts of the United States had jurisdiction to entertain suits upon claims against the estates of decedents brought against executors and administrators, where the requisite diversity of citizenship existed, and the amount in controversy was sufficient to give the court jurisdiction."

Other cases might be cited to the same effect. It will be noted, however, that all these cases in which it has been held that the Federal Court has jurisdiction to adjudicate claims against the administrator of an estate, are confined to those wherein the Federal Court acquired jurisdiction by reason of diversity of citizenship. It is insisted by defendant that such authorities are not controlling and that a distinction exists between a non-resident plaintiff and the United States as plaintiff. This distinction is predicated upon the theory that a non-resident plaintiff has a right to have its claim adjudicated in a Federal Court and if the State Court be given exclusive jurisdiction, such non-resident would be deprived of such right, as it would have no appeal from such court to a Federal Court, while the United States, as plaintiff, if forced to litigate its claim in the State Court would not be deprived of such right as it could, eventually, appeal to the United States Supreme Court. No authority is cited which sustains such a theory, and in our judgment, it can not be logically sustained.

To uphold such a view is to hold that a State, by legislative enactment may deprive the Federal Court of jurisdiction where the United States is plaintiff, but not where the plaintiff is a non-resident. The authorities referred to hold, and it seems to be the established law, that no such power resides in the State in case of a non-resident plaintiff. We think the State is equally powerless where the United States is plaintiff.

There are numerous authorities to the effect that Federal jurisdiction can not be limited by a state statutory provision. In Penn Co. v. Pennsylvania, 294 U.S. 189, at page 197, 55 S.Ct. 386, at page 390, 79 L.Ed. 850, it is said:

"Its authority as a federal court to entertain the suit is not restricted by the procedure established by local statutes for the liquidation of insurance companies. The jurisdiction conferred on the District Courts by the Constitution and laws of the United States cannot be affected by state legislation."

See Pennsylvania v. Williams et al., Receivers, 294 U.S. 176, 182, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166; Mason v. United States, 260 U.S. 545, 557, 43 S.Ct. 200, 203, 67 L.Ed. 396; Security Trust Company v. Black River National Bank, 187 U.S. 211, 227, 23 S.Ct. 52, 47 L.Ed. 147.

It is apparent from the authorities referred to that the Federal Court and the Probate Court of Indiana have concurrent jurisdiction insofar as it relates to the subject matter of the present litigation. It is true, the State Court has possession and control of the res, but there is nothing in the present action to interfere therewith. A judgment in the present case will not disturb the State Court's jurisdiction over and disposition of the same. If the question of jurisdiction were otherwise doubtful, it seems to us that doubt is largely dispelled by the opinion of the court in Commonwealth Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920. True, as pointed out by defendant, the situation there was quite different to that here, but what was said was not only pertinent, but well nigh decisive of the involved question. On page 619, 56 S.Ct. on page 602, it is said:

"The trust here involved was created by the Bank's voluntary action, not by the orphans' court. Whatever control the latter possessed resulted solely from appointment of the successor trustee and, for pres-

ent purposes did not materially differ from that exercised by probate courts over such fiduciaries as guardians, administrators, executors, etc. The jurisdiction of federal courts to entertain suits against the latter is clear, when instituted in order to determine the validity of claims against the estate or claimants' interests. therein. Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and order distribution; they adjudicate questions which precede distribution."

Here the only relief sought and all that could be obtained is the determination of the validity and amount of the tax claims against decedent's estate. A judgment obtained could not in any way interfere with the orderly process of the administration of the estate in the State Court, or deal with the res of the estate or its orderly distribution.

It is contended, however, that even if the court is possessed of the requisite jurisdiction, that it is of a discretionary nature and the court rightfully exercised such discretion in holding that the involved matter should be litigated in the Court of Indiana. If the court had such discretion, we have no hesitancy in concluding that it was properly exercised. To us there is merit in the argument that this litigation could be more expeditiously concluded and at less expense and trouble to the parties in the forum provided by the state. This, for the reason, among others, that to litigate the question of liability, first in the Federal Court, perhaps means a repetition as to some features of the litigation in the State Court. The plaintiff, when and if a judgment is obtained in the Federal Court, will still be required, we assume, to present its claim in the State Court of Indiana. There is no other way, so far as we are advised, by which a judgment obtained in the Federal Court may be enforced.

■ Notwithstanding this situation, however, we are unable to reconcile the authorities conformable with such discretion. In fact, they lead us to a contrary conclusion. The case of Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133, is relied upon by defendant to support the court's discretionary power. The only language of the court which might sustain such contention is found on page 227, 57 S.Ct. on page 157:

"And if under the state statutes demands against a decedent's estate must be proved in a probate court, the receiver cannot pursue some other form of action. This is not to say that a state may deny all remedy for the substantive right arising out of the federal statute (see Seabury v. Green, supra [294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463]); it is merely to say that if the state does not discriminate against the receiver's claim in favor of others of equal dignity and like character, there is no warrant for exempting the claim from the effect of local statutes governing procedure or limiting the time for prosecution of action."

It will be noted, however, that the court is referring merely to the matter of procedure and not the substantive rights of the parties. If there be any doubt with reference to the construction of this particular language, such doubt is not only dispelled, but defendant's contention shattered by the pronouncement on the preceding page:

"Where, as here, a res has come into the possession and under the control of a state court, one having a right to go into the federal court, either by reason of diversity of citizenship, or because he is a federal officer, cannot obtain a judgment or decree entitling him to interfere with the administration of the res by the court having its possession. While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. The marshalling of that claim with others, its priority, if any, in distribution, and all similar questions, are for the probate court upon presentation to it of the judgment or decree of the federal court. Thus, though a receiver should resort to the United States District Court he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter."

Defendant lays much stress upon United States v. Bank of New York Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, where it was held, under the circumstances there presented, that it was within the discretion of the Federal Court to relinquish jurisdiction in favor of an administration pending in the State and language was used favorable to defendant's contention. The conclusion reached, however, is not controlling or even persuasive here for the reason that the court there was considering a situation where the Government, as plaintiff, was seeking control of the res in the custody of the State

Court. This clearly distinguishes the case from that here presented. If a doubt exists as to such distinction, the same is dispelled by what the court said on page 478, 56 S. Ct. on page 347:

"The government urges that the present suits for an accounting are not suits in rem, but in personam; and that to allow the federal court to pass upon the right asserted would not necessarily interfere with the jurisdiction or control by the state court over the res. See Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. But these suits are not to enforce a personal liability, but to obtain possession of the respective funds. The suits are not merely to establish a debt or a right to share in property, and thus to obtain an adjudication which might be had without disturbing the control of the state court."

Thus, the court, itself, distinguishes between suits wherein the purpose is to obtain possession of property in the custody of a state court and thereby interfere with its administration, and the case wherein the purpose of the suit is merely to obtain an adjudication of a debt claimed to be owing the Government as is the case here. Other cases cited are clearly distinguishable and, in our judgment, there was no discretion in the court to renounce jurisdiction.

The action of the court below in sustaining defendant's demurrer is reversed.