JOHN D. HOSPELHORN, RECEIVER, *v.* ANNE PRESTON EMERSON

[No. 70, April Term, 1938.]

*Decided June 29th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. Purdon Wright* and *Arthur W. Machen,* with whom was *Alexander Armstrong* on the brief, for the appellant.

*Vernon Cook,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

John D. Hospelhorn, receiver of the Baltimore Trust Company, brought a suit at law in the Circuit Court for Baltimore County against Anne Preston Emerson, individually, and as trustee for Sallie McAdoo, minor, to collect the stockholders' liability imposed by section 72 of article 11 of the Code. The case was tried before the court sitting as a jury, on facts stipulated by counsel for the respective parties. At the conclusion of the case the trial court rejected eleven instructions offered by the plaintiff and two offered by the defendant, and, in accordance with the views expressed in an opinion, instructed itself, sitting as a jury, that the evidence was legally insufficient to entitle the plaintiff to recover against Anne Preston Emerson, either individually or as trustee, and from the judgment entered on the verdict, this appeal is prosecuted by the receiver.

On October 22nd, 1923, Isaac E. Emerson transferred ten shares of stock of the Century Trust Company to Anne Preston Emerson and caused them to be registered on the company's books in the name of "Mrs. Isaac E. Emerson, Trustee of Sallie McAdoo, minor." Thereafter, on November 4th, he executed a declaration of trust, in which it was recited that he had assigned such shares to Mrs. Emerson, Trustee, to hold the same in trust for Sallie McAdoo, minor, and pay her all dividends thereon during her life and from and after her death to divide the income equally between her children, if any survived her, the issue of any deceased child to take its parent's share. The trust was to continue for ten years

after the death of Sallie McAdoo, at the end of which it was to terminate and the stock to become the property of her children and be equally divided among them, but in the event of her death without leaving issue living, the stock was to revert to Isaac E. Emerson, his personal representatives and assigns.

On July 6th, 1926, Anne Preston Emerson added ten other shares of stock of the Century Trust Company to the trust, and caused the same to be registered in her name in the same manner as were those assigned by Captain Emerson.

On December 10th, 1925, Captain Emerson made another declaration of trust, transferring at the same time twenty shares of B preferred stock of the Emerson Drug Company to Mrs. Emerson as trustee, in which the beneficiaries are the same as those mentioned in the previous declaration relative to the Century Trust Company stock, but no mention was made in either declaration of the other.

Subsequently, the Century Trust Company was consolidated with the Baltimore Trust Company, and under the terms of the consolidation the holder of the Century Trust Company's stock received for each share thereof five shares of stock of the Baltimore Trust Company of the par value of ten dollars each, so that Mrs. Emerson, the trustee, received one hundred shares of the Baltimore Trust Company stock in lieu of the twenty shares of the Century Trust Company stock previously held by her. The Baltimore Trust Company stock was registered in the name of "Anne Preston Emerson, Trustee for Sallie McAdoo, minor," and since the consolidation such shares have continued to stand registered in that form. The trust evidenced by the declaration of trust previously mentioned covered no property except the Century Trust Company stock and, after the consolidation, the shares of the Baltimore Trust Company stock.

Sallie McAdoo, who was a grandchild of Anne Preston Emerson, was a minor at the time of the execution of the declaration of trust, and during her minority she had

no legally appointed guardian until after the failure of the Baltimore Trust Company. In the meanwhile, however, Mrs. Emerson paid her the dividends received upon the stock, which during the period in question amounted to more than $900.

On January 5th, 1925, John J. Ghingher, Bank Commissioner, took charge of the property and business of the Baltimore Trust Company, and the Circuit Court No. 2 of Baltimore City assumed jurisdiction of said banking business, appointing John D. Hospelhorn receiver for the Baltimore Trust Company. The receiver was subsequently authorized to collect the stockholders' statutory liability, and still later the court passed an order levying an assessment of $10 per share on all stock of the Baltimore Trust Company.

From the aforegoing facts, appellant advances three propositions in support of liability against appellee as follows:

(1) That Code, art. 11, sec. 72, providing that, where stock is registered in the name of a person as trustee, "the estate and funds in the hands of such * * * trustee shall be subject to the liability imposed upon the holders of said shares" means that where other property is held upon exactly the same trusts and for the same beneficiaries as the bank stock, it shall be subject to the double liability, even though the grantor chose to execute a separate deed;

(2) That where a person settles bank stock in trust for a minor, he continues personally subject to the double liability just as much as if he had caused the stock to be transferred to the minor's own name, so that Mrs. Emerson is personally liable for the assessment upon the fifty shares of the Baltimore Trust Company stock which she had transferred to her own name as "Trustee for Sallie McAdoo, Minor," and also that the estate of I. E. Emerson would be liable; except to the extent the liability can be satisfied as provided in Proposition I;

(3) That the provision of Code, art. 11, sec. 72, that "person having stock entered on the books of a corpora-

tion in their names as * * * trustee * * * shall not be personally subject to any liability on such stock * * * but * * * the estate and funds in the hands of such * * * trustee shall be subject to the liability, imposed upon the holders of said shares," is applicable only where there is or may reasonably be expected to be some other "estate and funds in the hands of such * * * trustee."

The principal ground urged in support of the first proposition is based upon the contention that the trust covering Baltimore Trust Company stock, which originally covered Century Trust Company stock, and the trust as to the Emerson Drug Company stock, must be treated as merged, since the trusts are identical in terms, and the settlor and the trustee, likewise the *cestui que trust,* are the same under both deeds; further, that the trusts being identical in terms it can make no difference that they are evidenced by two separate instruments; that the purpose of section 72 of article 11, to divert liability from the trustee, individually, to the beneficiaries of the trust to the extent of true assets, would, if the doctrine of merger were not accepted in this case, provide a means of evading the constitutional double liability, and enable beneficial owners to escape the liability contemplated by the statute. These arguments, however, overlook the fact that the two trusts are separate and distinct, were created at different times and relate to different properties, and that in neither of them is there any cross reference to the other. In view of these considerations it must be held that the Code provision "* * * the estate and the funds in the hands of such executor, administrator, guardian or trustee shall be subject to the liability imposed upon the holders of said shares" is confined to property and funds belonging to the particular trust to which the bank stock belongs.

In *Allender v. Ghingher,* 170 Md. 156, 183 A. 610, this court, in considering section 72 of article 11, said:

"This act (section 72, article 11), to which these quotations from the cited opinions have reference, is for all

practical purposes so nearly identical with section 63, title 12, U. S. Code Ann. (the National Banking Act) as to leave no reasonable doubt that in its enactment the language of the former act was adopted, and it may be inferred that it was done for producing uniformity in liability of the two classes of stockholders. In the absence of any construction of such statute by this court, decisions of the federal courts, construing it over a period of many years, are entitled to great weight and should be given effect, unless they contravene some established policy of the state. *Robinson v. Hospelhorn, supra* [169 Md. 117, 179 A. 515, 184 A. 903]."

In *Commissioner of Internal Revenue v. McIlvaine* (C. C. A.) 78 Fed. (2nd) 787, affirmed in *Helvering v. McIlvaine,* 296 U. S. 567, 56 S. Ct. 176, 80 L. Ed. 401, it was held that a testator might in one instrument establish three separate trusts. This being true where the trusts were created by the same instrument, it would be no less the rule where they were created by different instruments, executed at different times and covering different properties.

See, also, *Robinson v. Hospelhorn,* 169 Md. 117, 179 A. 515, 184 A. 903, in which it was held that the statute under consideration being in derogation of the common law, its meaning was not to be extended beyond the words used. We, therefore, feel that the doctrine of merger has no application to the two trusts in question; that the trustee under the second instrument cannot be required to sell the Emerson Drug Company stock which, under the terms of the trust, she is without authority to sell, and that a contrary holding would be extending the trustee's liability far beyond the purposes of the statute.

Appellant's third contention is so closely connected with his first as to make what we have said regarding the first largely applicable to the third. It is further argued that the statute (article 11, section 72) should be construed as exempting Mrs. Emerson personally from the double liability only in the event that she has

in hand, as trustee, funds in addition to the bank stock; that to place any other construction upon this section of the statute would be tantamount to denying recovery to the plaintiff simply because Mrs. Emerson had assigned a part of the stock to herself as trustee for the minor. We are referred to no decision of any jurisdiction in support of this contention, and a consideration of the section convinces us that such was not the legislative intent; that liability is specifically confined to "the estate and funds in the hands of such * * * trustee." Appellant is in no worse position than had Mrs. Emerson, instead of assigning the stock to herself as trustee for Sallie McAdoo, minor, actually sold the stock and assigned it to some other person, who at the time of the failure of the Baltimore Trust Company was impecunious.

The only trust estate involved is that concerning the Baltimore Trust Company stock and this, by reason of the institution's insolvency, has no value. As said in *Fowler v. Gowing* (C. C.) 152 Fed. 801, 816, "the fact that the trust estate was wiped out of existence, so far as value or financial responsibility is concerned, by the failure of the bank, is no reason or justification for looking to the trustee personally. The opinion of Judge Coxe, in *Lucas v. Coe* (C. C.), 86 Fed. 972, is quite clear and emphatic on that proposition."

Respecting the contention that Mrs. Emerson continued personally subject to the double liability for having transferred to herself as trustee for Sallie McAdoo, minor, fifty shares of Baltimore Trust Company stock, exactly as if she had caused the stock to be transferred directly to the minor herself, there are two answers, (1) the statute itself (article 11, section 72), which specifically states that "persons having stock entered on the books of the corporation in their names as executor, administrator, guardian, trustee or pledgee, shall not be personally subject to any liability on such stock, but the one pledging stock, and the estate and funds in the hands of such executor, administrator, guardian or trustee shall be subject to the liability im-

posed upon the holders of said shares * * * ;" (2) the transfer to Mrs. Emerson as trustee for the minor was to a responsible person, amenable to suit, whereas the transfer to a minor is to a person incapable of making a valid deed or contract and, therefore, to one who cannot be sued for the double liability. In the latter instance the authorities seem agreed that the transferor remains subject to the double liability. *Early v. Richardson,* 280 U. S. 496, 50 S. Ct. 176, 74 L. Ed. 575; *Seabury v. Green,* 294 U. S. 165, 55 S. Ct. 373, 79 L. Ed. 834; Note in 69 *A. L. R.* 664, 665; *Riley v. Bondi* (C. C. A.) 64 Fed. (2nd) 515; *Foster v. Chase* (C. C.) 75 Fed. 797; *Foster v. Wilson* (C. C.) 75 Fed. 797.

The transfer to Mrs. Emerson as "Trustee for Sallie McAdoo, minor," was entirely sufficient to put creditors on notice of the trust relationship. *Duckett v. Mechanics' Bank,* 86 Md. 400, 38 A. 983; *McNair v. Darragh,* (C. C. A.) 31 Fed. (2nd) 906; *Lucas v. Coe* (C. C.) 86 Fed. 972; 7 *Amer. Jurisprudence,* sec. 88, page 75; *Morse on Banks and Banking* (6th Ed.) vol. 2, page 1416; *Magee on Banks and Banking,* sec. 73, page 91.

It has been suggested that to construe the statute as imposing double liability only on trust estates would render it unconstitutional and violative of the provisions of section 39 of article 3 of the Constitution of Maryland, which at the time the assessment was made against owners of Baltimore Trust Company stock was in effect, but it cannot be said that such an enforcement statute is not designed to further the purposes of the constitutional mandate. Indeed, the statute discloses no attempt on the part of the Legislature to exempt any stockholders from the constitutional liability, but, as observed by this court in *Ghingher v. Bachtell,* 169 Md. 678, 685, 182 A. 558, 561, the Legislature by this section "clarified the status of executors, trustees, and similar persons holding stock for others, as to the effect of any liability thereon."

See, also, *Hospelhorn, Receiver, v. Poe,* 174 Md. 242, 198 A. 582, and *Hospelhorn v. Boyce,* 174 Md. 275, 198 A.

597; *Hospelhorn v. Blankman,* 174 Md. 277, 198 A. 598, and *Miners' & Merchants' Bank v. Snyder,* 100 Md. 57, 59 A. 707.

In view of those decisions and the further fact that all presumptions are in favor of the constitutionality of a duly enacted statute, we are not warranted in declaring the statute as thus construed to be unconstitutional.

Since appellant has abandoned the contention that Mrs. Emerson is liable because as trustee she paid the dividends on the stock to Sallie McAdoo, for whom no legal guardian had been appointed, it has become unnecessary to consider that question, and having found that Mrs. Emerson is neither liable individually nor as trustee, it is unnecessary to determine whether, had she been liable as trustee, such liability was enforceable in this action or in equity.

Finding no error in the rulings of the trial court, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*