*3
 
 Zimmerman, J.
 

 Section 3, Article XIII, of the Constitution, as effective from January 1, 1913, to July 1, 1937, provided “* * * that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. ’ ’
 

 "While this provision of the Constitution was self-executing and did not need legislation to make it effective, the General Assembly saw fit to include it substantially in Section 710-75, General Code. See
 
 Squire, Supt. of Banks,
 
 v.
 
 Solinski,
 
 132 Ohio St., 180, 184, 5 N. E. (2d), 479, 481.
 

 This constitutional mandate had for its manifest purpose the strengthening of state banks with the public and the furnishing of an additional safeguard to the banks’ depositors and creditors. It created a primary liability against all stockholders by operation of law. Through judicial pronouncement a contractual significance has been attached to such superadded liability, and it has been stated in substance that one acquiring stock in a bank accepted and assumed the responsibility of the added burden imposed by law, upon which those lending credit to the bank had a right to rely for protection. The engagement of the stockholder was initially with the corporation, but on a trust basis for the exclusive benefit of the corporate creditors.
 
 Kulp
 
 v.
 
 Fleming,
 
 65 Ohio St., 321, 337, 62 N. E., 334, 337, 87 Am. St. Rep., 611, 614;
 
 Andrews
 
 v.
 
 State, ex rel. Blair, Supt. of Banks,
 
 124 Ohio St., 348, 178 N. E., 581, 83 A. L. R., 141;
 
 State, ex rel. Fulton, Supt. of Banks,
 
 v.
 
 Bremer, Admx.,
 
 130 Ohio St., 227, 234, 198 N. E., 874, 877;
 
 Smathers
 
 v.
 
 Western Carolina Bank,
 
 135 N. C., 410, 47 S. E., 893.
 

 Because of the contractual element connected with the ownership of bank stock, it generally has been held
 
 *4
 
 that an infant owner of such stock,, to whom it has been issued or transferred, does not possess the necessary legal capacity to bind himself for the added liability, and cannot be made to respond when its enforcement' is sought against him. In such case, the transferror of the stock or his estate has been held subject to the double liability. 7 American Jurisprudence, 72, Section 85; 9 Corpus Juris Secundum, 136, Section 74;
 
 Early, Recr.,
 
 v.
 
 Richardson,
 
 280 U. S., 476, 74 L. Ed., 575, 50 S. Ct., 176, 69 A. L. R., 568, 661;
 
 Seabury, Recr.,
 
 v.
 
 Green, Admx.,
 
 294 U. S., 165, 79 L. Ed., 834, 55 S. Ct., 373, 96 A. L. R., 1463.
 

 What should be the determination where bank stock is held by the guardian of a minor, under circumstances like those in the instant litigation, and suit is brought to collect the superadded liability thereon?
 

 The record in the present case discloses that on August 9, 1929, a certificate for 200 shares of the stock of The Union Trust Company was issued to one of the. appellants as guardian for a named minor, and that on May 5, 1932, certificates for 40 shares (20 shares to each of the minors) of the stock of such company were issued to the other appellant as guardian for two named minors; this being the stock involved in the controversy before us.
 

 It is also shown by the record that on February 27, 1933, The Union Trust Company restricted the withdrawal of funds by its depositors; on June 15, 1933, it was taken over for liquidation by the Superintendent of Banks; and on July 30, 1934, pursuant to a finding that the assets of the company would not be sufficient to meet its liabilities, the superintendent issued an order levying an assessment of one hundred per cent or $25 per share upon all stockholders, in accordance with Section 710-75, General Code.
 

 ■There is respectable authority for the proposition that at common law, or in the absence of a statute to the contrary, one in whose name stock is registered
 
 *5
 
 as a fiduciary may be made to answer individually for all liability on such stock and must look for indemnity or recoupment to the person lie represents in such fiduciary capacity, or bis assets.
 
 Henkle
 
 v.
 
 Salem Mfg. Co.,
 
 39 Ohio St., 547, 552;
 
 Commissioner of Banks
 
 v.
 
 Tremont Trust Co.,
 
 259 Mass., 162, 156 N. E., 7; 10 Ohio Jurisprudence, 609, Section 450; 1 Cook on Stock & Stockholders (3 Ed.), 329, Section 245; 3 Bogert on Trusts & Trustees, 2144, Section 720; 91 A. L. R., annotation at pages 265, 266, 279, 285.
 

 The next appropriate matter of inquiry is, then, whether the statutes of Ohio have anything to say on the subject. Turning first to the “Banking Act,” embracing Sections 710-1 to 710-189, inclusive, General Code, we find nothing directly helpful. It is provided, though, in Section 710-52, General Code, that “Such corporation [one established for banking purposes, under the act] shall be created, organized, governed and conducted * * * in all respects in the same manner as provided by law for corporations organized under the general incorporation laws of this state, in so far as the same shall not be inconsistent with the provisions of this act. ’ ’
 

 In examining the “General Corporation Act” we come to Section 8623-24, General Code, relative to shareholders’ liability, and read the following as a separate paragraph:
 

 “No person holding shares as executor, administrator, guardian, trustee, trustee of a voting trust, receiver, or in any other fiduciary capacity, shall be personally liable as a shareholder, but the estate or property in the hands of such executor, administrator, guardian, trustee, receiver, or fiduciary, or the real or beneficial owner, shall be liable hereunder, as equity may require * *
 

 Counsel for the appellants, who deny the right of the Superintendent of Banks to maintain an action of this type, strenuously argue that such provision has
 
 *6
 
 exclusive reference to unpaid stock subscriptions and may not be extended to include superadded or double liability.
 

 Must or should it be given such a limited scope?
 

 The quoted language from Section 8623-24, General Code, is comprehensive and suggestive of the wording employed in Section 66 of the “National Banking Act” which bears an unquestioned relation to the double liability created by Section 64 of the act.
 

 Title 12, Section 66, U. S. Code (Section 5152, Revised Statutes), referred to just abové, reads as follows :
 

 “Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name.”
 

 Both the Court of Common Pleas and the Court of Appeals of Cuyahoga county have apparently taken the position that the quoted portion of Section 8623-24, General Code, is applicable in an action to enforce the superadded liability on bank stock held by a fiduciary, and Professor Bogert would seem to be of the same opinion as expressed in his work on “Trusts & Trustees,” Vol. 3, at page 2144.
 

 Additional support is accorded this view by the case of
 
 Smathers
 
 v.
 
 Western Carolina Bank,
 
 155 N. C., 283, 71 S. E., 345, Ann. Cas. 19120, 398, decided in 1911, wherein the receiver of a state bank brought an action to subject the personal estate of one who had held bank stock as a fiduciary for another to the double liability imposed by Section 1, Ch. 298, of the Public Laws of 1897, embodied in the North Carolina Banking Act. The court held the estate of such fiduciary exempt by reason of Section 1, Ch. 471, of the Public Laws of
 
 *7
 
 1893, found in the General Corporation Act and entitled “Liability for unpaid stock,” which provided in part:
 

 “No person holding stock * * * as executor, administrator, guardian, or trustee * * * shall be personally subject to any liability as a stockholder * * * and the estate and funds in the hands of such executor, administrator, guardian, or trustee, shall be liable * #
 

 So our conclusion is that the pertinent paragraph of Section 8623-24, General Code, expresses the broad policy of this state in regard to liability when stock is held by a fiduciary, and applies when the collection of either unpaid stock subscriptions or superadded liability is involved. As a matter of fact, unpaid stock subscriptions and the double liability on stock possess a common characteristic — both constitute a source to which creditors of a banking corporation may look for payment of their claims.
 
 Hood, Commr. of Bks.,
 
 v.
 
 North Carolina Bank & Trust Co.,
 
 209 N. C., 367, 376, 184 S. E., 51, 56.
 

 Counsel for the appellee make the emphatic statement in their brief “that the guardians of these minors did receive the shares in question by way of inheritance from deceased stockholders, and the shares of stock in The Union Trust Company are but a part of their respective trust estates.” And it is significant that counsel for the appellants do not contend that the issuance of the stock to the guardians was improper or unlawful. It is also to be noted that the stock was acquired by the guardians quite some time before the insolvency of The Union Trust Company was indicated.
 

 In 9 Corpus Juris Secundum, Section 74, at page 134, the following statement is made:
 

 “ * # * It is often held, by reason of express provisions to that effect, that persons holding bank stock as executors, administrators, guardians, or trustees
 
 *8
 
 are not personally liable as stockholders, bnt that there is liability in a representative capacity, in that the estate or funds in their hands are subject to liability in like manner and to the same extent as the testator, intestate, ward or person interested in the trust fund would be if living or competent to act # * *. The fact that the beneficiary of the estate is an infant or incompetent who could not assume the stockholder’s liability personally does not prevent his estate from being subjected to such liability, at least where the remainder of the assets have been received from the same source as the bank stock; * *
 

 Counsel for the appellants maintain that the same principle ought to be applied in the present controversy as is applied when bank stock is issued or transferred directly to a minor and he is sued for the super-added liability. In this connection it is important to remember that the minor escapes personal liability because of his incapacity to assume a stockholder’s responsibility. An entirely different situation is presented when an action is brought against the guardian of a minor, in whose name the stock is registered and who is the holder thereof. The guardian is a responsible person, amenable to suit; and while, under the statute, there is no individual liability on his part, property of the ward in' his hands is liable as equity may require. See
 
 Fitzpatrick’s Guardian
 
 v.
 
 First National Bank of Whitesburg’s
 
 Receiver, 256 Ky., 93, 75 S. W. (2d), 754;
 
 Hospelhorn
 
 v. Emerson, — Md., —, 200 A., 378, 381;
 
 McNair
 
 v.
 
 Darragh
 
 (C. C. A., 8), 31 F. (2d), 906 (Certiorari denied, 280 U. S., 563, 74 L. Ed., 617, 50 S. Ct., 19);
 
 Heiden
 
 v.
 
 Cremin
 
 (C. C. A., 8), 66 F. (2d), 943, 91 A. L. R., 247 (Certiorari denied, 290 U. S., 687, 78 L. Ed., 592, 54 S. Ct., 123); 78 A. L. R., annotation at pages 432 and 433.
 

 We are of the opinion that the present action was properly brought and that the judgment of the
 
 *9
 
 Court of Appeals was authorized. Upon equitable considerations, as prescribed by Section 8623-24, General Code, that court adjudged that assets of the minors “coming from the same source as the bank stock upon which liability was predicated” should be subjected to the satisfaction of the judgment.
 

 In the event no settlement can be effected, it will have to be determined upon execution what property of the minors, if any, in the possession of the guardians comes within the purview of the judgment as rendered.
 

 Finding no prejudicial error in the judgment of the Court of Appeals, the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Williams, Myers and Matthias, JJ., concur.
 

 Hart, J., not participating.