**HART v. BURKE et al.**
No. 7073.

Circuit Court of Appeals, Third Circuit.
Nov. 27, 1939.

H. C. Reynolds, of Scranton, Pa., for appellee John B. Burke, executor and legatee.

M. J. Martin and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellee Scranton Lackawanna Trust Co., executor.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

The appellees, Walter H. Burke, John B. Burke and the Scranton Lackawanna Trust Company, are the executors of the will of Catherine H. Burke, who died December 7, 1932. The individual appellees, Walter R. Burke and John B. Burke, are also the sole legatees under her will. At the time of her death the testatrix owned 234 shares of the stock of the Union National Bank of Scranton, Pa. The Bank was closed March 5, 1933, under presidential proclamation and never thereafter resumed normal banking operations. The appellant was appointed receiver of the Bank on February 21, 1934.

In their account filed April 30, 1934, the appellee executors charged themselves with the stock of the Bank at the inventory value of $29,250. Their account was confirmed finally May 12, 1934, by the Orphans' Court of Lackawanna County, Pennsylvania. On June 8, 1934, the appellee executors petitioned that court for distribution and the audit was held November 19, 1934. On the day of the audit the appellee executors filed a supplemental account in which it appeared that on November 17, 1934, they had charged off the bank stock as worthless. No notice was given of the filing of the supplemental account. By adjudication of the Orphans' Court of Lackawanna County filed November 23, 1934, the estate assets were directed to be distributed to the individual appellees but no distribution was directed of the bank stock. Pursuant to the adjudication the assets of the estate other than the bank stock were. actually distributed to the individual appellees.

. On November 27, 1936, the Comptroller of the Currency made an order for an assessment of 100% upon the capital stock of the Bank. Demand was thereupon made upon the appellees for the payment of the assessment, which demand was refused. On June 16, 1938, the appellant filed a bill in equity in the district court for the Middle District of Pennsylvania in which he sought to have the appellees found guilty of

Leon M. Levy, of Scranton, Pa., for appellant.

Joseph F. Gunster, of Scranton, Pa., for appellee Walter R. Burke, executor and legatee.

a devastavit in having improperly administered the estate of the decedent, requested judgment against the appellees individually and against the decedent's estate and sought a finding that assets of the estate be followed in the hands of the individual appellees for satisfaction of the judgment. Upon motion of the appellees the district court dismissed the bill of complaint. 25 F.Supp. 945. The receiver thereupon took the present appeal.

In support of his appeal the appellant urges that the appellee executors were guilty of a devastavit in charging off as worthless the bank stock belonging to the estate, thus preventing a distribution of this stock by the Orphans' Court to the individual appellees, with the result that they were thereby given an opportunity to escape liability for the assessment. The appellant would have us conclude that the district court erred in dismissing his claim to have the appellee executors held personally liable for the devastavit. Obviously the soundness of this argument depends upon the validity of the appellant's premise that a devastavit took place.

The assessment which the appellant seeks to recover was made pursuant to Sec. 5151, Rev.Stat. as amended by Sec. 23 of the Federal Reserve Act, 12 U.S.C. § 64, 12 U.S.C.A. § 64, which provides in part that: "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock." By Sec. 5152, Rev. Stat., 12 U.S.C. § 66, 12 U.S.C.A. § 66, it is provided that: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name." The Act of June 30, 1876, 19 Stat. 63, 12 U.S.C. § 191, 12 U.S. C.A. § 191, provides that, " * * * whenever the comptroller shall become satisfied of the insolvency of a national banking association, he may, after due examination of its affairs * * * appoint a receiver who shall proceed to close up such association, and enforce the personal liability of the shareholders * * *."

It will thus be seen that the stockholder's liability is imposed by statute. The original subscriber and all vendees of his stock, upon assuming the status of a stockholder, assume it subject to the conditions and burdens imposed by the statute as incident to the holding of national bank shares. One of these burdens is the contingent obligation to pay an assessment when ordered by the Comptroller. The Comptroller's action in making the assessment converts the stockholder's contingent obligation into an absolute one. Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. It follows that prior to the making of the assessment by the Comptroller the creditors of a national bank and the receiver as their representative are creditors of the stockholders having a contingent claim against them.

In Pufahl v. Estate of Parks, supra, the Supreme Court definitely held that the law gives this contingent claim no lien either against the property of a living stockholder or against the estate of a deceased one. On the contrary it was held in that case that the claim created by the statute is unsecured and unpreferred, becomes payable only as of the date of assessment, and is collectible from a decedent's estate only in the same manner and to the same extent as other claims against the estate of equal dignity and like character. Mr. Justice Roberts in the opinion of the court (299 U.S. at page 232, 57 S.Ct. at page 159, 81 L.Ed. 133) concludes: "In the absence of federal legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a nondiscriminatory statute of the domicile." We conclude that the appellee executors in the present case at the time they petitioned the Orphans' Court for distribution of all the assets of the decedent's estate except the bank stock, were under no duty to withhold sufficient assets to protect the contingent liability for an assessment which had not then been made.

Section 49(b) of the Pennsylvania Fiduciaries Act of 1917, 20 P.S.Pa. § 862, provides in part that: "Where distribution of a decedent's estate is awarded by the orphans' court, after audit and confirmation of any account of the executors or administrators, such decree of distribu-

tion shall protect the executors or administrators from personal liability with respect to the property so distributed." The appellee executors were protected by this act in making distribution pursuant to the decree of the Orphans' Court of Lackawanna County and the district court properly concluded that they could not be held personally liable to the appellant as for a devastavit.

The appellant further argues that he was entitled to judgment against the appellee executors for the amount of the assessment and that he should have been permitted to recover the judgment out of the assets of the estate in the hands of the individual appellees as distributees. Even if the appellant is entitled to judgment against the executors as such it does not follow that he is entitled to execution out of the assets distributed to the individual appellees pursuant to the adjudication of the Orphans' Court. Section 49(d) of the Pennsylvania Fiduciaries Act of 1917, 20 P.S.Pa. § 864, provides that: "No creditor of a decedent who shall neglect or refuse to present his claim at the audit of the account of the executor * * * of which public notice has been given * * * shall be entitled to receive any share of the assets distributed in pursuance of such audit." This statute does not discriminate against national bank assessment claims and it therefore applies to such claims. Pufahl v. Estate of Parks, supra. Consequently a bank assessment claim against the estate of a Pennsylvania decedent must be presented for allowance at the audit of an executor's account if it is to share in the distribution of the assets included in the account and distributed pursuant to the adjudication thereof by the Orphans' Court.

The appellant contends, however, that this statutory limitation is not applicable because at the time of the audit his claim was contingent and unmatured, accruing only upon assessment, and that since the assessment was not actually made until more than two years after the audit no claim could have been made at the audit. It is a sufficient answer to this contention to point out that a creditor's claim, even though contingent, may under Pennsylvania practice be presented at the audit of the executor's account. In Converse's Estate, 240 Pa. 458, 87 A. 849, the decedent had pledged $10,000 to a charity upon condition that the charity obtain pledges or payment to an endowment fund of $200,000. At the time of the decedent's death but a small percentage of the necessary pledges had been obtained. Nevertheless the charity presented its claim, unquestionably contingent, at the audit of the executor's account and obtained an order to have the amount of the decedent's pledge set aside from distribution. This order was affirmed by the Supreme Court.

In Bumm's Estate, 8 Pa.Dist.R. 191, the liability for assessment upon stock of an insolvent state bank owned by the decedent had not been ascertained and determined at the time of the audit. The Orphans' Court of Philadelphia County directed the accountants to set aside out of the balance in their hands an amount sufficient to meet the possible liability of the estate. In Douglass' Estate, 10 Pa.Dist.R. 478, 479, the claim was made, not by a creditor of the decedent, but by an alleged creditor of one of the legatees who without consideration had assigned his share. The Orphans' Court of Philadelphia County directed the accountant to retain the legatee's share until the final determination of the attachment execution proceedings initiated by the creditor. In Re Black's Estate, 12 Pa. Dist.R. 720, the decedent had been a committee for her feeble minded daughter. Upon request of the succeeding committee the Orphans' Court of Philadelphia County set aside a sum sufficient to meet any possible award by a court of Common Pleas upon the settlement of the account of the decedent as committee.

It will thus be seen that the fact that a claim is contingent does not prevent a creditor from safeguarding his rights at the audit of the executor's account. The Pennsylvania courts have gone even further. They have held that failure to present a contingent claim at the audit is neglect sufficient to preclude a later attempt to obtain equitable relief. In Re Walbridge's Estate, 314 Pa. 250, 171 A. 580, the decedent and two of the petitioners, who were partners in a brokerage firm, purchased real estate subject to a mortgage. Each of the partners executed the bonds accompanying the mortgage. The two petitioners retired from the partnership and obtained an agreement of indemnity from the decedent and releases from the obligees of the bonds. Later the brokerage firm became insolvent and the obligees repudiated their releases. It was then that the petitioners sought to have an adjudication opened as to them and have a sum set

aside to await a possible liability upon the bonds in the event their releases were adjudicated invalid. The Pennsylvania Supreme Court held that since the petitioners had taken no steps prior to adjudication to have their claims protected they were not entitled in law or equity to have the adjudication opened.

In re Glass' Estate, 115 Pa.Super. 448, 175 A. 736 cited by the appellant does not persuade us to a contrary view. In that case the Pennsylvania Superior Court held that Sec. 49(b) of the Fiduciaries Act was not applicable because distribution had been made by the executor without filing an account. The court held that the claim did not accrue until the date of assessment and that the statute of limitations did not begin to run until that date. The ruling, however, was not equivalent to holding that the receiver of a national bank in financial difficulties may not present his claim at the audit because the claim is contingent until assessment is made. That we are right in so regarding the court's ruling seems clear from the opinion of the auditing judge in which he says that "If the respondent had complied with the law and filed an account and properly distributed the funds of this estate, he would have been protected; but he has not done so and must abide by the consequences."

In re Geiger's Estate, 19 Pa.Dist. & Co. R. 427, an opinion of the Orphans' Court of Montgomery County which is relied on by the appellant cannot, in the light of the Pennsylvania cases to which we have referred, be regarded as expressing the law of the state. Nor does the case of Seabury v. Green, 294 U.S. 165, 55 S.Ct. 373, 79 L.Ed. 834, 96 A.L.R. 1463, assist the appellant since it arose under the laws of South Carolina which have been construed by the Supreme Court of that state not to bar a creditor from pursuing the assets of the estate in the hands of distributees. Columbia Theological Seminary v. Arnette, 168 S.C. 272, 167 S.E. 465.; McNair v. Howle, 123 S.C. 252, 116 S.E. 279.

■ Applying the applicable law of Pennsylvania to the facts of the present case we conclude that from the date of the appointment of the appellant as receiver on February 21, 1934 he was a creditor of the testatrix's estate by reason of the contingent stock assessment claim. As such it was his duty to present that claim at the audit of the executors' account on November 19, 1934, and to request the court to direct the executors to withhold from distribution for a reasonable time a sum sufficient to meet the claim when and if the assessment was made. His failure to make claim at the audit, therefore, barred him from any later claim against the assets then distributed based on the liability of the estate to pay the assessment.

■ Much is made of an alleged non-compliance with the provisions of sections 46(d) and 46(f) of the Pennsylvania Fiduciaries Act of 1917, 20 P.S.Pa. §§ 834, 836, by the appellee executors in not giving notice of the filing of the supplemental account. The advertising of their original account, however, constituted notice to all persons who had claims to present against the decedent's estate. Downing, Ex'r, v. Felheim et al., Ex'rs, 309 Pa. 566, 164 A. 598; Estate of Edwin R. Mack, Deceased, 111 Pa.Super. 20, 169 A. 468. It is customary practice in Pennsylvania and contemplated by the statute, that an executor's account, which must be filed and advertised a number of weeks before the audit, shall at that time be brought down to date by the submission of a supplemental account. All parties are on notice that at the audit the original account will be considered by the court and restated or corrected if necessary. To admit a supplemental account is but to permit a correction or restatement made necessary by lapse of time. Furthermore the supplemental account filed in this case did not in any way prejudice the appellant. It merely recorded what had become the fact that the bank stock was worthless. Revaluation of securities at the time of distribution is universal and necessary practice in Pennsylvania when distribution is to be made to two or more legatees in kind. In re Evans' Estate, 30 Pa.Dist.R. 253; In re Furness' Estate, 3 Pa.Dist. & Co.R. 584.

■ Finally it may be noted that distribution in kind in Pennsylvania is the exception and not the rule and may not be authorized by the court unless reasons are shown which are satisfactory to the court for so doing. In re Stollenwerk's Estate, 134 Pa.Super. 115, 3 A.2d 961. The fact that the executors did not petition the court to direct the distribution of the bank stock to the individual appellees did not amount to a fraud. Furthermore we doubt whether the court would have had the power to compel them to accept stock which was not only worthless but in fact involved the assumption of a contingent liability.

The decree is affirmed.